### UNION MUT. LIFE INS. CO. v. THOMAS.

(Circuit Court of Appeals, Ninth Circuit. October 4, 1897.)

#### No. 363.

1. LIBEL AND SLANDER—LIBELOUS PLEADING—PRIVILEGE.

In a suit on a life insurance policy, the defense was that the insured was still living. The company alleged a conspiracy on the part of the plaintiff and her husband, the insured, to defraud the company, and that plaintiff and her attorneys "have no knowledge or information whatever of the death of [insured], but have alleged that [insured] is dead, for the sole purpose of carrying out the agreement, conspiracy, and fraud hereinbefore set out." *Held* libelous and not privileged.

2. SAME—PRIVILEGED MATTER IN PLEADING—RELATION TO ISSUE.

Matter inserted in a pleading, to be privileged, must be legitimately related to the issues, or so pertinent to the subject of the controversy that it may become the subject of inquiry on the trial.

3. SAME—LIBELOUS PLEADING—PROOF OF MALICE.

Where a charge in a pleading is libelous, no proof of malice is necessary aside from the intrinsic evidence afforded by the libelous charge itself, and the circumstances under which it was uttered.

4. PLEA FILED BY ATTORNEY—KNOWLEDGE OF CLIENT—PRESUMPTION.

An answer prepared and filed by the duly-authorized attorney of a corporation in an action pending against it will be presumed, until the contrary is shown, to have been the answer of the corporation, and to contain matter authorized by it as its defense.

In Error to the Circuit Court of the United States for the Western Division of the District of Washington.

Crowley & Grosscup, R. S. Jones, and B. A. Crowl, for plaintiff in error.

Harry L. Smith, George H. Walker, and Jesse Thomas, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error, the Union Mutual Life Insurance Company, was the defendant in an action for libel. Its principal assignment of error on the writ of review is that the circuit court refused to instruct the jury to return a verdict for the defendant. The facts, so far as they are pertinent to the present inquiry, are these: In the year 1894 one Johanna C. Martin brought an action in the state of Washington, against the insurance company, to recover upon a policy of insurance issued by the company upon the life of her husband. The company made answer, denying the death of the insured, and alleging as an affirmative defense that the plaintiff in that action and her attorneys had entered into an agreement and conspiracy to defraud the defendant, and that said plaintiff and her attorneys "have no knowledge or information whatsoever of the death of said Jonas Martin, but have alleged that the said Jonas Martin is dead for the sole purpose of carrying out the agreement, conspiracy, and fraud hereinbefore set out." Jesse Thomas, one of the attorneys for the plaintiff in said action upon said insurance policy, thereupon brought an action against the insurance company for damages, alleging that the matter set forth in said affirmative defense was libelous. The insurance company, in its answer to the complaint, relied upon the defenses (1) that the matter so alleged in its answer to the action upon the contract of insurance was privileged matter, and was not actionable; and (2) that the same was inserted in its answer by its attorney without its knowledge or consent. Upon the same grounds, it is now contended that the circuit court should have directed the jury to return a verdict for the defendant.

Contrary to the rule of the English courts, the American courts have established the doctrine that matter inserted in a pleading in court is privileged only when connected with the subject-matter of the litigation. It is perhaps not necessary that it be in all cases material to the issues presented by the pleadings, but it must be legitimately related thereto, or so pertinent to the subject of the controversy that it may, in the course of the trial, become the subject of inquiry. White v. Nichols, 3 How. 266; Hoar v. Wood, 3 Metc. (Mass.) 193; McLaughlin v. Cowley, 127 Mass. 316; Gilbert v. People, 1 Denio, 41; Sherwood v. Powell, 61 Minn. 479, 63 N. W. 1103; Maulsby v. Reifsnider, 69 Md. 143, 14 Atl. 505; Moore v. Bank, 123 N. Y. 420, 25 N. E. 1048. Tested by this rule, the matter alleged by the insurance company in its answer to the suit of Johanna Martin was not privileged. The issue in the action was whether or not the insurance company was liable upon the policy. Its defense was that the insured was still living. Instead of relying upon that defense, it attempted to asperse the character of the attorneys who were conducting the suit, by charging them with libelous matter, which, if true, added in no way to the force of its allegation that the event upon which alone its liability was to attach had not occurred, to wit, the death of the insured. The matter so alleged was not pertinent to the issues in the case, and upon motion it was struck out of the answer by the court. In the case of Moore v. Bank, supra, a bank sued its cashier upon his bond for misappropriation of funds,

and alleged that the funds had been misappropriated "by collusion with the teller." It was held that the allusion to the teller was not a privileged communication, but was prima facie libelous. In Hyde v. McCabe (Mo.) 13 S. W. 875, where it had been alleged, in an affidavit on a motion to require the plaintiff to give security for costs, that the affiant believed the plaintiff to be insolvent, and thereupon the plaintiff's attorney filed a counter affidavit, denying the insolvency, and alleging that the affidavit in support of the motion was "a corrupt, voluntary, and willful case of false swearing," it was held that such averment in the counter affidavit was not sufficiently relevant to the issue to be privileged, and that whether or not affiant made such charge maliciously, without believing it to be relevant, and without reasonable and probable grounds for such belief, was a question of fact, which should have been submitted for trial.

It is contended, also, that the court should have instructed the jury to return a verdict for the defendant, upon the ground that there was no express evidence of malice. The burden of proving actual malice, it is true, rested upon the plaintiff; but he was not necessarily required to introduce, aside from the intrinsic evidence afforded by the libelous charge itself and the circumstances under which it was uttered, extraneous testimony concerning the state of mind or feeling of the members of the corporation towards him, although such evidence would have been admissible. Elam v. Badger, 23 Ill. 445; Garrett v. Dickerson, 19 Md. 418, 450; Weaver v. Hendrick, 30 Mo. 502; Briggs v. Garrett, 111 Pa. St. 404, 2 Atl. 513. The court correctly instructed the jury as follows:

"In a matter of this kind, however, malice may be presumed from the intentional statement of a fact which is not true, and which, at the time the statement was made, was not supported by any evidence or circumstances; in other words, a statement made without probable cause, not believing it to be true. You will take the testimony whether this charge was made without probable cause, and, if it was knowingly made,—willfully made,—you have a right to infer that it was made maliciously."

It is urged, further, that the evidence proved (and that without contradiction) that the officers and agents of the insurance company had no knowledge of the contents of the answer which the company's attorneys had filed in the answer to recover upon the insurance policy. The corporation had its principal office in the state of Maine, and its attorney resided in the state of Washington, where the action was brought. The answer was prepared and sworn to by the attorney. The only evidence afforded by the record concerning the knowledge which the company had of the contents of the answer is that of the attorney who prepared it. He stated that none of the company nor any of its authorized agents knew anything of the contents of the answer before the decision of the motion to strike the same from the files. As opposed to this statement, it was proven that, after the present action for libel was commenced, the attorney wrote to counsel for the plaintiff as follows:

"The information upon which the answer in the suit of Martin v. The Insurance Co. was drawn came from the home office, and it will be necessary to carry on some correspondence, which cannot be done short of sixty days."

It was shown, moreover, that, prior to the preparation of said answer to the action on the insurance policy, the corporation had sent to Seattle a special agent to investigate into the Martin case, and that he had a conversation with the counsel for Mrs. Martin concerning the alleged proofs of the death of the insured. The answer prepared and filed, as it was, by the duly-authorized counsel of the insurance company; in an action pending against it, must be presumed, until the contrary is shown, to have been the answer of the insurance company, and to contain matter duly authorized by it as its defense. We find no error in the action of the trial court in submitting to the jury, as it did, the question whether or not that presumption, so raised by the law, was overcome by the proofs. It is probable that the jury took the view that, notwithstanding the testimony of the attorney for the insurance company to the effect that the company had no knowledge of the contents of the answer after it was prepared, it was nevertheless true, as stated in the attorney's letter, that the contents were furnished him by the insurance company, and that he was instructed to insert in the answer the very defenses which it contained. It is urged by the plaintiff in error that the letter was erroneously admitted in evidence; that it was a letter written from the attorney of the plaintiff in error to counsel for the opposing party in the action, and for the purpose of suggesting a compromise; and that, so far as it contained evidence that the insurance company furnished the contents of the answer, it was hearsay. But the trial court admitted it in evidence only so far as it contained matter that tended to impeach the testimony of the witness, and for that purpose it was clearly admissible.

It is assigned as error that the court permitted the plaintiff to testify to certain statements made to him by one Beebe, who claimed to be an agent for the insurance company, in a conversation had before the commencement of the Martin suit. It is urged that there was no competent evidence that Beebe was such agent. We find nothing in the statements made by Beebe in the conversation as detailed which would prejudice the company's case before the jury. But it is unnecessary to rest our decision of this assignment of error upon that ground. In our judgment, the record contains sufficient evidence that Beebe was, as he represented himself to be, the agent of the insurance company. The deposition of the secretary of the company states explicitly that in 1894 Beebe was sent by the company to Tacoma, to investigate the Martin case; and the evidence of the manager of the company is that the relation of Beebe to the company in the year 1895 was that of "executive special," or, in other words, that he was a special agent to look after all cases where there are losses, and make report to the company. The judgment will be affirmed, with costs to the defendant in error.