POTTER et al. v. TROY.

CLARK et al. v. SAME.

(Circuit Court, S. D. New York. December 30, 1909.)

1. LIBEL AND SLANDER (§ 6*)—LEGAL PLEADINGS—ALLEGATION IN ANSWER.

An irrelevant allegation in an answer of a railroad company, by its president, in a suit to foreclose a lien, to which the plaintiffs were not parties that the executive officers of the company had long since been forced to the conclusion that the methods adopted were to embarrass it and force them to a position where more money would have to be paid to complainant, and that in such enterprise complainant was only the agent and representative of certain manipulators in New York City (the plaintiffs), who, by the methods adopted and by unreliable and untrue advance expert estimates, had planned to bring about the conditions existing in an effort unlawfully to take away from certain stockholders of the corporation their interest in the property, was libelous per se.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 4; Dec. Dig. § 6.*]

2. LIBEL AND SLANDER (§ 38*)—ALLEGATIONS IN PLEADINGS—MALICE—PRIVILEGE.

A malicious, irrelevant allegation in an answer, charging plaintiffs with dishonesty and being the manipulators of a fraudulent plan to deprive certain stockholders of their property, was not privileged.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 120; Dec. Dig. § 38.*]

Actions by Eliphalet N. Potter and others, composing the firm of Potter, Choate & Prentice, against Thaddeus O. Troy, and by George C. Clark and others against the same defendant. On demurrers to the complaints. Overruled.

Shearman & Sterling, for plaintiffs.
Battle & Marshall, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. The defendant personally verified the answer of a railroad company, of which he was president, in an action pending in the United States Circuit Court for the Western District of Virginia to foreclose a lien, and insisted, against the protest of the plaintiffs, upon inserting therein the following statement:

"The executive officers of your respondent's company were long since forced to the conclusion that the methods adopted throughout were for the purpose of embarrassing respondent and forcing them to a position where more money would have to be paid to complainant, and that in this enterprise complainant was only the agent and representative of certain manipulators in New York City, who by the methods adopted, and by unreliable and untrue advance expert estimates, had planned to bring about the conditions now existing, in an effort unlawfully to take away from certain stockholders of this corporation their interest in this property."

The plaintiffs, who are bankers doing business in the city of New York, charge that this statement was made of them, was made maliciously, was false, and was irrelevant to the issues in the foreclosure suit. They were not parties to the foreclosure action, and the description contained in the complaint of the issues in that action shows that the statement was entirely irrelevant. I think that the words are libelous per se. They describe the plaintiffs as manipulators of a fraudulent plan to deprive others of their interest in the railroad property. A direct charge of dishonesty is deliberately made.

The defendant, however, claims that because the statement is contained in a pleading it is privileged. It is safe to say that both under the federal law and the law of New York, because malicious and irrelevant, it ceases to be privileged. White v. Nichols, 3 How. 266, 11 L. Ed. 591; Union Mutual Life Insurance Co. v. Thomas, 83 Fed. 803, 28 C. C. A. 96; Moore v. Manufacturers' Bank, 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 753. The complaint is good enough on a demurrer to withstand other criticisms. In the case of Sage v. Culver, 147 N. Y. 241, 245, 41 N. E. 513, Judge O'Brien said:

"While the complaint in this action is open to criticism as lacking in that clearness and fullness of statement essential to good pleading, yet we think that the decision of the General Term overruling the defendant's demurrer was correct. When a complaint is met by a demurrer on the ground of insufficiency, the question always is whether, assuming every fact alleged to be true, enough has been well stated to constitute any cause of action whatever. The complaint will be deemed to be sufficient whenever the requisite allegations can be fairly gathered from all the averments, though the statement of them may be argumentative and the pleading deficient in logical order and in technical language. The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred and traversable in the same manner as though directly stated. Zabriskie v. Smith, 13 N. Y. 330 [64 Am. Dec. 551]; Marie v. Garrison, 83 N. Y. 14, 23; Sanders v. Soutter, 126 N. Y. 193 [27 N. E. 263]. The complaint in this case was not, we think, so deficient in the statement of facts as to warrant the defendants in assailing it by demurrer."

The demurrer is overruled, with costs.