# DOMINGO GIMENEZ SENTIÉS

*v.*

# EULALIO ROSALY VAZQUEZ ET AL.

San Juan, Law, No. 1273.

### LIBEL IN PLEADINGS.

Answer—Counterclaim.

    1. The answer under the Porto Rican Code of Civil Procedure may contain new matter, whether constituting a defense or a counterclaim.

Libel—Obstructing Justice.

    2. A libel may be an allegation that one has obstructed the course of justice.

Sentiés v. Vazquez.

Tort—Contract.

3. Tort and contract cannot be joined in a defense any more than they can be joined in a complaint. The act of Congress of March 3, 1915, does not apply.

Counterclaim—Rules of Pleading.

4. The rules of pleading as to a counterclaim are the same as those as to complaints. A defendant may in the same case defend and claim redress for wrongs by the plaintiff in violating the contract in suit.

Libel—Delay.

5. The charge that defendant removed the case for purposes of delay might be struck out on motion, but it does not amount to libel.

Libel—Statements by Attorney.

6. Statements made in the pleadings by an attorney cannot be charged as libel against the absent defendant.

Demurrer—Motion to Strike.

7. A demurrer cannot take the place of a motion to strike.

Opinion filed January 28, 1920.

_Messrs. Lopez de Tord & Zayas_ for plaintiff.

_Messrs. J. A. & A. S. Poventud_ for defendants.

HAMILTON, Judge, delivered the following opinion:

This suit was filed in the local district court at Ponce on November 6, 1918, the plaintiff being a citizen and resident of Spain and the defendants residents of Ponce, Porto Rico. The plaintiff alleges a debt due from Manuel Rosaly Castillo, the testator of the defendants. The case was promptly removed by the defendants to the United States district court over the objection of the plaintiff. In his opposition to the removal from

Sentiés v. Vazquez.

the local court the plaintiff, amongst other things, alleged: "And that this plaintiff believes the said codefendant (meaning Claudia Rosaly) is aware of the fact that she is not entitled by law to the removal of this cause sought by her, and merely presents her motion for such removal for the purpose of delaying plaintiff's action because of the existence of no real defense, conspiring with the other codefendant, Eulalio Rosaly, in a judicial filibusterism for the sole purpose of retarding justice to plaintiff." The motion to remand was denied. On May 19, 1919, the defendants filed an answer and counterclaim, the counterclaim setting up the above quotation in the opposition sworn to by the attorneys of the plaintiff as impertinent, irrelevant, immaterial, false, malicious, and defamatory matter, constituting "libelous matter, intended to impute to these defendants the offense of conspiracy to commit an act tending to obstruct justice or the due administration of the laws; and, further, to subject these counterclaimants to public hatred or contempt, and to throw discredit, contempt, or dishonor upon them," for which they demand as damages for injury to their reputation the sum of $10,000 as a counterclaim.

The case comes before the court at present upon a motion to strike certain portions of the answer, mainly the counterclaim, and upon demurrer to the same and other portions of the answer. It will be convenient, therefore, to take up first the motion to strike the counterclaim.

1. The extent of the counterclaim in Porto Rico practice is fixed in the Code of Civil Procedure in §§ 110–112, 114, and 229, as follows:

"Sec. 110. The answer of the defendant shall contain: . .

2. A statement of any new matter constituting a defense or counterclaim. . . ."

"Sec. 111. The counterclaim . . . . must be one . . . arising out of one of the following causes of action: 1. A cause of action arising out of the transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action arising upon contract, any other cause of action arising also upon contract and existing at the commencement of the action."

"Sec. 112. If the defendant omit to set up a counterclaim in defenses and counterclaims as he may have. They must be sepaneither he nor his assigns can afterwards maintain an action against the plaintiff therefor."

"Sec. 114. The defendant may set forth by answer as many defenses and counterclaims as he may have. The must be separately stated, and the several defenses must refer to the causes of action which they are intended to answer, in a manner by which they may be intelligibly distinguished. The defendant may also answer one or more of the several causes of action stated in the complaint and demur to the residue."

"Sec. 229. If a counterclaim, established at the trial, exceeds the plaintiff's demand, judgment for the defendant must be given for the excess. . . ."

The question in the case at bar is whether the matter complained of can be brought within these rules of pleading.

2. What constitutes a libel under the law of Porto Rico is defined in the Act of 1902, found in the Compilations of 1911, on page 324, as follows:—

"Libel is the malicious defamation of a person made public by writing, . . . tending to subject him to public hatred

or contempt, or to deprive him of the benefit of public confidence and social intercourse, or to injure him in his business, or in any other way to throw discredit, contempt, or dishonor upon him. . . ." When a libel is defined by statute, this controls within that jurisdiction. That statute above given conforms to the general principles of libel as defined by Cooley on Torts, 1st ed. 193, 204.

The libel here complained of is averred to impute to the defendants the crime of conspiracy to commit an act tending to obstruct justice or the due administration of the law. The Porto Rico Penal Code, § 62, makes it punishable by imprisonment in jail not exceeding one year or a fine not exceeding $1,000, as follows:

"If two or more persons conspire:' . . . 3. Falsely to move or maintain any suit, action, or proceeding; . . . 5. To commit any act . . . for the perversion or obstruction of justice or due administration of the laws. . . ."

3. The motion to strike raises, amongst other points, that there can be no joinder of a denial of a contract and a tort like libel. The old common-law rule, upon which the Code of Civil Procedure of Porto Rico is based, did not permit the joinder of contract and tort. It did not contemplate a counterclaim bringing up a separate cause of action, for this did not exist at common law; but the same principle should apply to all defenses. There is as much reason for not permitting the joinder of contract and tort in defense to a suit as in forbidding the joinder of contract and tort in the complaint. It is true Congress has passed some sweeping legislation on the subject of pleadings. An addition to the Federal Judicial Code by Act of March 3, 1915, provides:

Sentiés v. Vazquez.

"Sec. 274b. That in all actions at law equitable defenses may be interposed by answer, plea or replication without the necessity of filing a bill. . . ."

38 Stat. at L. p. 956, chap. 90, Comp. Stat. § 1251b, 5 Fed. Stat. Anno. 2d ed. p. 1059. It has been held that the effect of this is to abolish all technical distinction between law and equity. United States use of Morris v. Richardson, 139 C. C. A. 386, 223 Fed. 1010. It does not, however, by its terms abolish the rule as to tort and contract, nor is this within the reason of the new legislation. The rule forbidding the joinder of tort and contract is to prevent bringing into one suit claims of different nature and requiring different evidence, which might result in great confusion. The legislation permitting the joinder of legal and equitable defenses was designed to bring the whole of one claim within the jurisdiction of one trial court, which is a very different thing. Tort and contract have always been within the jurisdiction of the same trial court, the distinction being one for convenience, tending to make each case a separate unit for docket and trial purposes. The motion to strike out the counterclaim must, therefore, be granted.

4. It is advisable, however, to look at the matter upon the merits as well as upon the form of the pleadings. The local Code of Civil Procedure, § 104, permits the union of "several causes of action in the same complaint, where they all arise out of 1. contracts, express or implied. . . . 5. Injuries to character. . . . The causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated. . . ." It is true that the question now under consideration is connected with an answer, not with a

Senties v. Vazquez.

complaint, but where a counterclaim is set up the pleader is to that extent a plaintiff, and the rules of pleading as to complaints govern him also. It is to be observed that the pleading now under discussion is not a cross complaint relating to the contract upon which the original action was brought under § 115. The question in this case is whether, in a litigation over a contract, a debt, and its defense, a party can join a libel written and published in a pleading in the same case. Technically the libel did not exist at the time of the filing of the complaint, as defenses ordinarily should. As remarked by the supreme court of California, "it would, indeed, be extraordinary if the defendant was denied the right in the same action, not only to defend against it, but to claim redress for the wrongs inflicted upon him by the plaintiff in violating the contract, which he is unlawfully seeking to enforce." Waugenheim v. Graham, 39 Cal. 169, 178. That was a suit on a contract, and it appeared that the plaintiff had, by an attachment therein, broken up the defendant's business, and thus prevented him from carrying out the very contract in question. There is no analogy between the Waugenheim Case and the present. If the defendant is injured at all it is by a distinct act of the plaintiff, and it is not shown that thereby he is prevented in any way from carrying out the ancestor's contract, which is the basis of the suit. The Waugenheim Case is exceptional, and does not conflict with the general rule, that contract and tort cannot be joined.

5. It is averred by the plaintiff that what he said in his opposition to the motion for removal is privileged because a part of judicial proceedings in this case. There is no doubt of the privilege and none of the limitation to the privilege. As Mr. Cooley says, The pleadings and other papers filed by parties in

the course of judicial proceedings are privileged so long as they
do not wander from what is material and libel parties.  Cooley,
Torts, 214; Moore v. Manufacturers' Nat. Bank, 123 N. Y.
420, 11 L.R.A. 753, 25 N. E. 1048; McGehee v. Insurance Co.
of N. A. 50 C. C. A. 551, 112 Fed. 853; Randall v. Hamilton,
45 La. Ann. 1184, 22 L.R.A. 649, 14 So. 73, and annotation
thereto.  The same principle applies even more forcibly to
criminal proceedings, the Supreme Court declaring that "the
avenue to the grand jury should always be free and unobstruct-
ed" on the ground of public policy.  Vogel v. Gruaz, 110 U. S.
311, 315, 28 L. ed. 158, 160, 4 Sup. Ct. Rep. 12.  Indeed the
whole doctrine of privileged communications rests upon public
policy, which looks to the free and unfettered administration of
justice, though, as an incidental result, it may in some instances
afford an immunity to the evil-disposed and malignant slander-
er.  Bartlett v. Christhilf, 69 Md. 219, 14 Atl. 518; Abbott v.
National Bank, 175 U. S. 409, 411, 44 L. ed. 217, 218, 20 Sup.
Ct. Rep. 153.  On the other hand, if the libelous pleading is
wholly gratuitous, known by the defendant to be false, pub-
lished without cause, and with express malice, there is no privi-
lege and the defendant is liable for libel.

It is more than doubtful whether any crime is alleged in the
so-called opposition.  It was no doubt a strong statement of the
party's opposition.  He preferred to remain in the local court,
and expresses his belief that the opposite party is aware that he
is not entitled to removal.  Statement of a belief is not an
allegation that the fact believed is true.  The opposition fur-
ther says that the motion for removal was for the purpose of
delaying plaintiff's action, because there was no real defense.
It cannot be said that delaying a case is a crime, although it is

Sentiés v. Vazquez.

something which courts try to prevent as far as possible for the purpose of the proper administration of justice. It cannot be said to amount to "the perversion or obstruction of justice or due administration of the laws." It was surplusage; for the belief of the party in the matter made no difference one way or the other, but no motion was made to strike it out, and it does not seem to be a material allegation. So the use of the word "filibusterism" might in the West Indies tend to carry with it more than it would on the mainland of the United States, where it is frequently used in politics for the use of legal rights for purposes of delay. The context seems to show, however, that it really relates to delay, and nothing more.

In charging that the defendants removed the case for purposes of delay, therefore, the plaintiff was making a statement which probably would have been struck upon motion, but cannot be made the basis of a suit for libel.

6. Moreover, the circumstances of this case are such as to exclude the plaintiff from being guilty of libel even if the words used were actionable. It is quite true that a principal is liable for the acts of his agent within the general scope of his employment, but it is not within the scope of an attorney to libel the other parties. While an insurance agent sent out to look after litigation may be held to bind the company prima facie by libelous statements in pleadings on the transaction, this is only prima facie, and the imputation may be rebutted by proof. Union Mut. L. Ins. Co. v. Thomas, 28 C. C. A. 96, 48 U. S. App. 575, 83 Fed. 803. An attorney may himself be indicted for libel where he sets out malicious attacks in a pleading. Gilbert v. People, 1 Denio, 41, 43 Am. Dec. 646. Thus a client is not liable for defamatory allegations made by his attorney in a

pleading if they were not made by the client's direction. Hardin .v. Cumstock, 2 A. K. Marsh. 480, 12 Am. Dec. 427. The rule applicable to pleadings applies also to the same extent to motions and other papers filed in a cause. Several instances are given in the note to 22 L.R.A. 649. The words complained of in the case at bar seem to have been written by the attorney in his own name, and, to say the least, do not clearly appear to have been made by the plaintiff, who is a foreigner and appears at the time in question to have been in Spain.

The motion to strike out the counterclaim, including prayer, as irrelevant matter from the answer, must be granted.

7. The demurrers, so far as they raise the same point, need not be considered. This applies to demurrers A, B, and D. Demurrer C, that "the answer is ambiguous, unintelligible, and uncertain," seems to be based upon the point that the answer does not conform to the complaint which it purports to answer. The complaint alleges the defendant Eulalio received the amount of the decedent's debt in his lifetime, and therefore the decedent charged the debt upon his share of the estate, which is more than the legitime allowed by law, while the answer does not deny this, but goes on to deny that the decedent could legally make this indebtedness a charge upon the defendant's legitime. This does not answer the complaint, for the complaint has never alleged that there had been such a charge upon the legitime. The proper remedy, however, would seem to be by a motion to strike this part of the answer, and not by a demurrer that it is ambiguous, unintelligible, and uncertain. The difficulty with the answer is something quite different; for it is clear, intelligible, and certain, and therefore not subject to the demurrer filed. Demurrer C, therefore, must be denied.

It is so ordered.