LEOPOLD PERCY LEONCE BATTU, Appellant, *v.* CHARLES H. SMOOT, Respondent.

First Department, November 28, 1924.

**Libel and slander — action based on allegations in answer by defendant in another action — prior action was brought by corporation, of which present plaintiff was officer and director, for breach of contract of employment — defense in said action was that plaintiff therein wrongfully discharged defendant — answer in said action alleged conspiracy by present plaintiff and others to use funds of corporation, thereby depriving defendant of dividends — privilege in pleading extends only to relevant allegations — said allegations of conspiracy are libelous per se and not being relevant are not privileged.**

The defense of privilege in an action to recover damages for libel, based on allegations in pleadings in another action, extends only to allegations that are relevant and pertinent to the issues in the action.

Accordingly, privilege is not a good defense in this action for libel which is based on allegations contained in the defendant's answer in an action brought against him by a corporation, of which the present plaintiff was an officer and director, for breach of contract of employment, in which the defense relied on was that the defendant was wrongfully discharged, since the allegations relied on in this action as constituting libel were to the effect that the plaintiff in this action, with other officers and directors of the corporation in the prior action, conspired to use up the profits of the corporation, thereby depriving the defendant of dividends. Said allegations were libelous *per se*, but not being relevant to the issue of wrongful discharge relied on in the former action, they are not privileged.

Appeal by the plaintiff, Leopold Percy Leonce Battu, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of April, · 1924, granting the defendant's motion made after the service of the answer to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Brodek & Raphael [Charles A. Brodek* of counsel], for the appellant.

*Fred V. Delavina,* for the respondent.

McAvoy, J.:

Plaintiff sues for libel. The alleged · libel is contained in an answer in an action brought by a corporation known as the Rateau Battu Smoot Company, a domestic corporation, against the defendant in this action for a breach of a contract of employment which this defendant had with that corporation. The present plaintiff was not a party to the former action for breach of contract which was then brought against this defendant. It must be. conceded that the matter set forth by the defendant in the former action and now the subject of complaint is libelous *per se;* and since such matter is contained in a pleading, the question for determination is solely as to its relevancy to the issues which were properly litigable in the former action. The nature of the former action brought by the company was the common cause brought by an employer against an employee for breach of his employment contract.

The contract was made in March, 1911, and under it the defendant was engaged for a period of twelve years to render services to the company. It provided that during those twelve years the defendant should not engage in any similar or competing business and should assign to his company employer all letters patent granted to him and all patent applications in the United States referring to certain pumps, turbines and electrical machinery. The compensation provided for as salary was $50,000 of the company's capital stock at par. This stock was issued to and retained by the defendant. Thereafter by a supplemental agreement an additional compensation of $1,000 was provided for and his term of employment was extended to January 1, 1925. Plaintiff's company has paid to the defendant, in addition to the $50,000 capital stock, more than $50,000 in cash by way of dividends, extra salary, etc.

The complaint in the former action sets forth, as breaches of the contract of employment, that defendant engaged in or became interested in similar or competing business which damaged the company; that he enticed important employees specially skilled

and trained in their employment from their work with the company, and endeavored to induce others to leave; that he filed applications for letters patent on the machinery involved in the contract and refused to assign the same to the company; and that he devoted none of his time or attention to the business of his employer and failed to perform any of the terms of the contract.

The company's damage is said to be the expense of retaining another person in his place from the time of his leaving until January 1, 1925, the expiration of his employment, at a cost of $12,000, and special damages of $50,000 which arose out of his other acts in violation of his contract.

The answer, which is a second amended answer, and in which the alleged libels are contained, is embodied in language contained in the 13th and 14th paragraphs and is accompanied by a defense of wrongful discharge of the defendant by the company. The particular allegations of which complaint is made and the innuendoes which plaintiff ascribes to the words are as follows:

" *Thirteenth.* That said officers and directors (meaning this plaintiff and others) have a conspiracy, plan or scheme to further fully control said company (meaning said Rateau Battu Company), so that they may become possessed of all its profits to the exclusion of the defendant, and in conformity with such conspiracy, plan or scheme, no dividends are declared (meaning thereby that this plaintiff and other officers and directors of said Rateau Battu Smoot Company conspired to control said company by unlawful and criminal means to obtain the profits of said company criminally and unlawfully; to cheat and defraud said defendant and other stockholders in said company of any share or participation in the profits of said company and to appropriate the said profits to the use of this plaintiff and other officers and directors of said company and to knowingly receive or possess themselves of property of said company otherwise than in payment for a just demand).

" *Fourteenth.* That pursuant to the conspiracy, scheme or plan of the said Rateau and the said Battu (meaning this plaintiff) the company (meaning the said Rateau Battu Smoot Company) is paying large and excessive salaries to its present officers and directors; that large sums of money are being paid to alleged employees of the company, which sums are in reality being secretly received by the said officers and directors (meaning that this plaintiff and other officers and directors of said Rateau Battu Smoot Company have fraudulently, unlawfully and criminally paid and are fraudulently, unlawfully and criminally paying, persons as alleged employees of said Rateau Battu Smoot Company large sums of money, and fraudulently, unlawfully and criminally

receiving said sums of money back from said alleged employees surreptitiously, thereby wrongfully, unlawfully and criminally depriving said company of property and appropriating the same to the use of this plaintiff and other officers and directors of said company; and meaning that this plaintiff and other officers and directors of said company have been and are permitting, enabling and causing said company to cheat and defraud the United States and the State of New York out of taxes justly and lawfully due upon the income of said company, through diminishing its apparent net income by fraudulent and unlawful payments as alleged items of expense deductible for tax purposes from the income of said company); that large sums of money are being paid to the said Rateau who has not been in America since the corporation was incorporated and who as a consequence has never performed services for the company or earned any salary received by him (meaning that this plaintiff and other officers and directors of said Rateau Battu Smoot Company have wrongfully, unlawfully and criminally deprived said company of large sums of money belonging to it by paying the same without legal cause or reason to one Rateau)."

The allegations themselves are susceptible of the meaning which the innuendoes ascribe to them in this pleading, and accordingly such innuendoes may be read with the words of the answer. The rule often authoritatively announced is that statements by counsel, oral or written, made in judicial proceedings and pertinent thereto, are privileged. Privilege, however, does not extend to including within the pleadings utterly irrelevant matters which are not pertinent to the issues in the case, and which irrelevant matters contain libelous statements.

It is obvious from the recitals of the complaint in the company's action and the defense and counterclaim thereto, that these items, admittedly libelous in the nature of the motion, cannot be considered either relevant or pertinent to the issues in that action. The defendant seeks no relief against the officers or directors of the corporate plaintiff for maliciously and tortiously inducing the employer to discharge him. None of the officers or directors, of which this plaintiff is one, were joined in the company's action by the defendant, and there is nothing in his defense or counterclaim which can be litigated therein, except the charge that the employer breached his contract by wrongful discharge before the expiration of his term. That allegations of the character contained in the libelous matter may be pertinent in a tort action against the officers or directors of the employer for the purpose of showing a conspiracy to deprive the defendant of his rights as a stockholder

does not make them relevant to a purely contractual controversy between employer and employee. The pleader, having gone beyond the pertinent inquiry raised by the pleadings, loses his immunity. Privilege is bound by the test of pertinency. As Chancellor WALWORTH said in *Hastings* v. *Lusk* (22 Wend. 410): "We must, therefore, be careful on the one hand that we do not restrict counsel within such narrow limits that they will not dare to openly and fearlessly discharge their whole duty to their clients, * * * and on the other hand we must not furnish them with the shield of Zeus, and thereby enable them with impunity to destroy the characters of whomsoever they please."

The order dismissing the complaint should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer on payment of said costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.