**ANONYMOUS, an Attorney, v. TRENKMAN et al.**

No. 255.

Circuit Court of Appeals, Second Circuit.

April 6, 1931.

plaint filed to set aside an order of settlement and discontinuance of an action, wherein he was named as defendant, which discontinuance was entered December 24, 1924, in a cause involving the appellee Beatrice P. Trenkman, appellee Henry M. T. Beekman appearing as attorney. The basis of the suit to set aside the discontinuance was duress. The suit, which was compromised and discontinued, was a litigation over the disposition of the estate of William E. Smith. It was claimed that Smith was induced by fraud and force to marry one Clair Smith; that he was in an impaired mental condition; that he executed a last will and testament which was obtained by fraud and undue influence; that deeds, conveyances, and assignments were made which were also fraudulent and the suit sought to enjoin the defendants therein named from transferring, conveying, or otherwise disposing of the property. Appellant is named as a party defendant in that action. The case was compromised by payment of a substantial sum of money, and the action discontinued as stated. The twentieth paragraph of the complaint, served in the action to set aside the settlement and discontinuance, contained the following:

"That since said settlement, the plaintiff has obtained evidence which leads her to believe, and she alleges on information and belief, that the death of said William E. Smith was brought about by the defendants, pursuant to their fraudulent plan and conspiracy hereinabove set forth."

The present complaint was dismissed on motion. For the purpose of testing the sufficiency of this complaint, the appellees are deemed to have conceded the truth of the allegations thereof which, of course, allege the falsity of the statements contained in the twentieth paragraph charging the appellant, in substance, with causing the death of William E. Smith.

That the allegations are libelous and actionable, unless privileged, admits of little doubt, for they in effect charge the defendant with crime. Morrison v. Smith, 177 N. Y. 366, 69 N. E. 725; Krug v. Pitass, 162 N. Y. 154, 56 N. E. 526, 76 Am. St. Rep. 317; O'Connell v. Press Publishing Co., 214 N. Y. 352, 108 N. E. 556. The cause of death of William E. Smith and how it was brought about as alleged in the complaint, was not material or relevant to the question of the right to vacate the discontinuance and settlement. This action to vacate the discontinuance was instituted four years after the order of discontinuance was entered upon stip-

I. T. Flatto, of New York City, for appellant.

H. Snowden Marshall, of New York City, for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellant is an attorney at law, and sued for damages, alleging he was libeled by reason of allegations contained in a com-

ulation of the parties. The plaintiff in the action to vacate the discontinuance also prayed for the vacating of the probate of the will of William E. Smith. Only the Surrogate's Court of New York County had jurisdiction as to this. Pyle v. Pyle, 137 App. Div. 568, 122 N. Y. S. 256, affirmed 199 N. Y. 538, 92 N. E. 1099; Bowden v. Owen, 103 Misc. Rep. 56, 61, 171 N. Y. S. 778, affirmed 227 N. Y. 612, 125 N. E. 913. The New York courts have applied two tests of relevancy depending upon the facts of the particular case. Where a libel occurs in a preliminary pleading and is directed at one not a party to the cause, the privilege will be granted only if the allegation is one of the ultimate facts on which the pleader relies. Moore v. M. N. Bank, 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 753. In that case, a former teller sued the bank for libel. The libel was contained in a statement of claim and bill of particulars, presented by the bank in an action against sureties on a cashier's bond, and containing a list of items stolen by the cashier, including certain amounts said to have been drawn out "by collusion with the teller." The court held that the libel was not privileged because irrelevant and had nothing to do with the surety's liability to the bank; apparently it served no purpose to inform them of the teller's collusion with the cashier, and hence until the bank adduced proof of its relevancy it was not privileged. In Lesser v. International Trust Co., 175 App. Div. 12, 161 N. Y. S. 624, a petition in bankruptcy referred to one lesser as the recipient of certain assets and characterized him as a "fugitive from justice." This was held not to be privileged. In Battu v. Smoot, 211 App. Div. 101, 206 N. Y. S. 780, a libel suit was brought by an officer and director of a corporation against a former employee. The employee had been hired under a contract by whose terms he had agreed to assign certain patents and not to compete in like business, and, as compensation, he received stock in the company. The company sued for breach of this contract, and in his answer he set up the fact that the officers and directors had conspired to control the company and monopolize the profits to his exclusion; that they did this by paying excessive salaries and in some cases through dummy employees. This was held not to be privileged, since no relief was asked against the officers and directors and since his grievance as a stockholder had nothing to do with the breach of contract issues. These cases were followed in the federal court in Union Mutual Life Ins. Co. v. Thomas, 83

F. 803 (C. C. A. 9). The life insurance company denied the death of the insured and also set up in its answer that the plaintiff and the attorney had no cause to believe him dead and had conspired to defraud the company. It was held that this statement was not privileged as against the attorney. The court said that the allegation of plot added nothing to the allegation that the insured was alive, and so was irrelevant. In Union Mutual Life Ins. Co. v. Thomas, 83 F. 803, 804 (C. C. A. 9), it is said: "It is perhaps not necessary that it be in all cases material to the issues presented by the pleadings, but it must be legitimately related thereto, or so pertinent to the subject of the controversy that it may, in the course of the trial, become the subject of inquiry."

King v. McKissick, 126 F. 215 (C. C. Dist. Nevada), involved a petition to perpetuate testimony which alleged that the adverse claim was being made because of the false, fraudulent, and malicious representations of one F. D. King to the claimants. This was held not privileged, as it was of no consequence why the claim was put forth. See, also, Potter v. Troy, 175 F. 128 (C. C. S. D. N. Y.). The rule was stated in Harlow v. Carroll, 6 App. D. C. 128, 139, that the "matter, to which the privilege does not extend, must be so palpably wanting in relation to the subject-matter of controversy as that no reasonable man can doubt its irrelevancy and impropriety."

Here the issue presented by the pleadings in the suit to set aside the compromise and discontinuance was the claim to rescind because the compromise was procured by fraud. The murder of Smith was not relevant to that issue. It is true that in the bill the vacation of probate is also asked for, but that was a matter for the Surrogate's Court; the state Supreme Court not having jurisdiction. Moreover, such a cause of action would not be against this appellant, but against the legatee. The rule is stated in Andrews v. Gardiner, 224 N. Y. 440, 445, 121 N. E. 341, 2 A. L. R. 1371, that counsel are privileged with respect to any statements, oral or written, made in judicial proceedings and pertinent thereto, and that in England the immunity is broader. There the privilege exists whether the statements are relevant or not, but the American rule is that the privilege is lost if the libel is irrelevant. Youmans v. Smith, 153 N. Y. 214, 47 N. E. 265; Moore v. Manufacturers' Nat. Bank, supra; McLaughlin v. Cowley, 127 Mass. 316; Barnett v. Loud, 226 Mass. 447, 115 N. E. 767;

574

Kemper v. Fort, 219 Pa. 85, 67 A. 991, 13 L. R. A. (N. S.) 820, 123 Am. St. Rep. 623, 12 Ann. Cas. 1022. Under the law of New York and the federal law, if the libelous matter is malicious and irrelevant, it ceases to be privileged. White v. Nicholls, 3 How. 266, 11 L. Ed. 591; Potter v. Troy (C. C.) 175 F. 128. The pleadings should contain but the plain and concise statements of the material facts and not the evidence by which they are to be proved. Civil Practice Act, § 241. If a pleader goes beyond the requirements of the statute and alleges an irrelevant matter which is libelous, he loses his privilege. The appellees are charged with willfully—the one swearing to, and the other as attorney drafting—libelous allegations which are irrelevant to the issue in that suit, for they did not touch the issues which the parties had made by their pleadings. They are alleged in the present bill of complaint to be false, untrue, and willfully made. If this be established, the libel is actionable.

Order and judgment reversed.