GERVASE N. HUBBARD, Respondent, v. DAN BANKER and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies defendants' motions for summary judgment and grants plaintiff's motion to strike out defendants' answers and for summary judgment, directing an assessment of damages, in an action for damages sustained by plaintiff by reason of a malicious prosecution and misuse of process in a civil action.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STUART HALL, Appellant.— Judgment of conviction reversed on the law and indictment dismissed. Memorandum: Evidence tending to establish the commission by defendant of other crimes was received over defendant's objection. This was error which would require reversal of the judgment of conviction. (See People v. Allen, 282 N. Y. 511.) We are of the further opinion that the proofs adduced by the People did not warrant the submission to the jury of the question of defendant's guilt of the crime charged in the indictment. While the evidence would have justified a verdict of guilty of violating section 483-b of the Penal Law, no such charge was set forth in the indictment. All concur. (The judgment convicts defendant of a crime in violation of section 690 of the Penal Law.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

NEW YORK LIFE INSURANCE COMPANY, Respondent, v. WILLIAM F. WHITE and Others, Appellants.— Judgment in so far as it relates to the first and second causes of action alleged in the complaint affirmed, without costs, and judgment in so far as it relates to the third cause of action alleged in the complaint reversed on the law and facts, without costs, and complaint in so far as it relates to the third cause of action dismissed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: Exhibit No. 14 was only pertinent for the purpose of impeaching the testimony of the witness O'Brien. (Civ. Prac, Act. § 343-a; Matter of Roge v. Valentine, 280 N. Y. 268.) Unless such exhibit could have been considered as evidence in chief, the record is barren of proof sufficient to sustain the decision and judgment therein in so far as the third cause of action is concerned. In regard to the first and second causes of action there was abundant proof (outside of Exhibit No. 14) to sustain the decision and judgment. All concur, except Crosby, P. J., who dissents as to the reversal of the judgment in so far as it relates to the third cause of action and votes for affirmance of the entire judgment. (The judgment cancels an insurance policy and certain disability and double indemnity agreements.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

MARTHA MARSHALL, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Judgment of the Special Term reversed on the facts and a new trial granted in the Buffalo City Court, with costs to the appellant to abide the event, on the ground that the finding that plaintiff was innocent of participation in the agent's fraud is against the weight of the evidence. All concur. (The judgment of the Supreme Court, Erie Special Term, affirms a judgment of Buffalo City Court for plaintiff in an action to recover premiums paid on a life insurance policy.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.