FROST et al. v. BANKERS COMMERCIAL CORP.

No. 148, Docket 22212.

United States Court of Appeals Second Circuit.

Submitted Jan. 14, 1952.

Decided Feb. 8, 1952.

Alfred S. Julien, New York City, for plaintiffs-appellants.

Robert I. Rogin, New York City, for defendant-appellee.

Before AUGUSTUS N. HAND and CLARK, Circuit Judges, and BRENNAN, District Judge.

CLARK, Circuit Judge.

This is an appeal from a summary judgment for defendant in an action to recover freight moneys advanced, granted by the District Court on the ground that the action was barred by a previous judgment for defendant in the New York Supreme Court on the same cause. The transactions giving rise to the dispute sued on here and in the state court are identical. In 1943, Republic Chemical Corporation, with whom the present plaintiffs admit privity, entered into an affreightment contract with Intercontinental Steamship Lines, in which the latter agreed to transport certain cargo to South Africa on its schooner, Constellation. Plaintiffs in South Africa were the purchasers from Republic. Republic delivered the cargo and prepaid the shipping charges—as well as the insurance which is not in issue here—and Intercontinental transferred the moneys over to defendant Bankers Commercial Corporation under a prior loan contract providing for the latter's immediate receipt of all such payments by shippers. Sometime thereafter the voyage was cancelled and Republic sued in the state court for an accounting. Justice Peccra dismissed the complaint following hearing on the merits on the ground that Bankers had refunded the crucial moneys to the shipping line. Republic Chemical Corp. v. Bankers Commercial Corp., Sup., 73 N.Y.S.2d 318, affirmed 269 App.Div. 736, 54 N.Y.S.2d 396.

Plaintiffs seek to escape the binding effect of this judgment by advancing fundamentally different theories of recovery than that sued on in the state court. These are primarily drawn from certain suggestions of Bankers' liability for tortious interference with the shipper's contract rights advanced in Silva v. Bankers Commercial

Corp., 2 Cir., 163 F.2d 602, wherein we affirmed a judgment for another shipper in a similar action arising from the same voyage cancellation. The district judge held that the "wholesome principle of res judicata is not to be overcome so easily." 11 F.R.D. at page 196. We agree.

Bar of the plaintiffs here depends, in traditional phrase, upon whether the claim presented in this action is based upon the "same cause of action" as that previously litigated. A new ground for the same relief will not of itself work the magic transformation, Grant v. Greene Consol. Copper Co., 169 App.Div. 206, 216, 217, 154 N.Y.S. 596, affirmed 223 N.Y. 655, 119 N.E. 1046, nor will a shift from equitable to legal remedies. Young v. Farwell, 165 N.Y. 341, 345, 59 N.E. 143. A more fundamental distinction, one looking to the legally significant facts out of which the dispute arises, is required. Thus where, as here, the transaction is the same, plaintiff is barred from instituting suit on any claim founded on the same evidentiary elements as those on which the previous claim was based; where recovery in both requires proof of the same facts, the prior judgment is res judicata as to the subsequent action. Fox v. Employers' Liability Assur. Corp., Ltd., of London, England, 239 App. Div. 671, 674, 675, 268 N.Y.S. 536; Lipkind v. Ward, 256 App.Div. 74, 78, 79, 8 N.Y.S.2d 832; Buchanan v. General Motors Corp., 2 Cir., 158 F.2d 728, 730.

Plaintiffs' claim of a distinction in the requisite proof for the suit here and that in the state court grows out of the theories of recovery advanced. They allege, in substance, that the state suit was one for an accounting, while here the claim is founded on the defendant's tort in cancelling Intercontinental's scheduled voyage and using the moneys for a wrongful purpose. Allegedly the repayment of the moneys sought to Intercontinental was fatally material to the first and immaterial to the second claim.

But our decision in the Silva case, supra, 2 Cir., 163 F.2d at page 607, from which the tort theories are deduced, discloses no such distinction. That judgment was not based on the immateriality of Bankers' repayment; rather, as there pointed out, "the New York decisions sustain the judgment [for plaintiff] * * * because the defendant had sufficient control over the sailing of the Constellation to render it liable as a collaborator in the abandonment of the voyage to South Africa." Justice Pecora, on the other hand, found that "the course of conduct between Bankers and Intercontinental was not such, in my opinion based upon the evidence, as constituted the Intercontinental, its officers and employees, the agent or agents of Bankers Commercial. * * * the evidence, before this Court, fails to show that, in the exercise of [its] rights, Bankers acted in any manner which would justify the inference that it took control of the conduct and direction of Intercontinental's business." Republic Chemical Corp. v. Bankers Commercial Corp., supra, 73 N.Y.S.2d at pages 324, 325. We conclude, therefore, that the distinction between the two suits which resulted in apparently inconsistent results is not one relating to the causes of action on which they were based, but rather grew out of a failure of proof in the state action as to one of the elements—Bankers' control of the shipping line—necessary to recovery in both. This is, in fact, carefully pointed out in the later case. Silva v. Bankers Commercial Corp., supra, 2 Cir., 163 F.2d at pages 607, 608.

Moreover, the absence of proof as to this fact in the state case would also bar the present complaint by the operation of collateral estoppel. Even if the causes of action be different, where a question of fact was actually litigated and determined by a previous final judgment, the determination is conclusive as to the parties and their privies. MacAffer v. Boston & M. R. R., 268 N.Y. 400, 197 N.E. 328. Recovery from Bankers, under the Silva case, requires proof of Bankers' control; since plaintiffs are now estopped by the previous judgment from claiming such control, summary judgment was proper.

Plaintiffs may not escape the impact of a previous state judgment by suing in the federal court. For purposes of res

judioata its doors are as effectively closed to them as though they were courts of New York. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832. Nor can plaintiffs rely on a prior denial of summary judgment, coupled with an order dismissing the complaint with leave to plead over, entered by another district judge. The course of proceedings does not suggest that this judge contemplated finality to his preliminary ruling even when new pleadings and a new motion were later presented. But be that as it may, no assumed "law of the case" can require us to reverse a just and ultimately necessary judgment, so that the District Court may arrive at it in a more roundabout way.

Judgment affirmed.