Matthew M. Levy, J.
The complaint, in express words, is grounded in libel. The defendants seek (in addition to other relief) to dismiss the complaint under rule 106 of the Buies of Civil Practice in that it does not state facts sufficient to constitute a cause of action for libel.
As alleged in the complaint, the cause arose out of the presentation of a garnishee execution to the plaintiff’s employer. *583 Sachs Quality Stores, Inc., had, as a creditor and plaintiff, proceeded to judgment in the Municipal Court against one William Schneider and the latter’s wife, one Matilda Schneider. The defendants in the instant action are alleged to be the plaintiff and judgment creditor in the Municipal Court (Sachs), its attorneys in that action who issued the garnishment (Michaels), and the City Marshal who proceeded thereon (Neglia).
It is alleged in the complaint that the William Schneider who is the plaintiff in the present suit is not the William Schneider who was the defendant in the Municipal Court action, and that the “ garnishee execution directed to the employers of the [present] plaintiff”, “ contained the false, scandalous, malicious and defamatory libel ” that judgment in favor of the defendant Sachs had been entered against the instant plaintiff, that the judgment was unpaid, that an order of the court had been made directing the issuance of an execution against his earnings, and that as a consequence the execution was presented to the plaintiff’s employer, the salary of the plaintiff was levied upon, and part of his earnings was withheld by his employer. Among the results claimed are that the plaintiff was unable to pay current bills, that he was embarrassed, and that his record with his employer was impaired.
The defendants submit that a garnishee execution is part of a judicial proceeding, that as such there is an absolute privilege for any alleged libelous matter contained therein, that such privilege appears on the face of the complaint and that the defense may be availed of by the defendants on motion.
If there be here the absolute privilege asserted by the defendants, there is no doubt that that appears upon the face of this complaint. Accordingly, it is vulnerable to attack by motion made in pursuance of rule 106 (Chapman v. Dick, 197 App. Div. 551).
Nor is there any question in my mind that the process constituting the garnishee execution — albeit supplementary to the judgment — was nonetheless a component element of the judicial proceeding (Civ. Prac. Act, § 684; Commercial Credit Corp. v. Young, 258 App. Div. 323; Weisel v. Old Dominion S. S. Co., 99 App. Div. 568; Zimek v. Illinois Nat. Cas. Co., 370 Ill. 572).
The issue remains as to whether, in the circumstances disclosed, there is an absolute privilege. The defense can, of course, be invoked only when the allegedly libelous statement is relevant to the judicial proceeding. “ A party to a private litigation * * * is absolutely privileged to publish false and defamatory matter of another * * * in the institution *584 of or during the course and as a part of a judicial proceeding in which he participates, if the matter has some relation thereto ” (Restatement, Torts, Vol. 3, § 587).
Weis v. Rubin (280 N. Y. 233) and Battu v. Smoot (211 App. Div. 101) are relied upon by the plaintiff to show absence of relevancy. The cases are not in point. Among other areas of difference, it is conclusive to note that in neither case was the plaintiff there a party to the legal proceeding or named therein as such. The situation at bar is quite different. True, the plaintiff-Schneider — as distinguished from the debtor-Schneider — was, according to the allegations of the complaint, the wrong party to be garnisheed. But the plaintiff-Schneider was, nevertheless, the party in the garnishment proceeding. The fact that he was not the person involved in the original action in the Municipal Court does not mean that he is not in fact the party to the proceeding supplementary thereto.
I hold that what was said in the legal document of garnishment in respect of William Schneider was relevant thereto, notwithstanding that it was directed against the wrong William Schneider. And, since garnishment is a judicial proceeding, what was stated therein is protected by the absolute privilege, as that term is understood in the law of libel. The fact that the document issued in the proceeding was affected by mistaken identity does not, in my view, deprive the legal process of that privilege. Accordingly, the motion to dismiss the complaint is granted.
Until now, I have assumed the gravamen of the action to be defamation. Indeed, the complaint several times says so, in so many words, and, on the present submission, the parties have treated the complaint as alleging an action in libel and nothing else. But the thought has occurred to me that, perhaps, the basis of the cause of action is truly something else — such as a complaint grounded upon the issuance and levy, without legal justification, of a garnishment execution against William Sohenider, the plaintiff, and not William Schneider, the debtor. The defendants may have intended to aim at their debtor. Instead, they appear to have aimed at the plaintiff. And, in any event, it was the plaintiff whom they hit. (Cf. Pound, J., in Corrigan v. Bobbs-Merrill Co., 228 N. Y. 58, 63, 64.)
If maliciously done, as here alleged, the wrong should certainly not be without legal remedy. And it may be that redress should be available even if the wrong be but negligently committed. I deem it unnecessary for me to say more on this subject at this time. But it is clear that, in the circumstances, *585 the plaintiff should be given leave to replead — -not, of course, on the basis of a complaint for libel, but rather in an action in the nature of abuse of process. Such amended complaint may be served within 20 days after service of a copy of the order hereon with notice of entry. The disposition now made necessarily leaves open for later consideration the sufficiency of the new pleading, both basically and as to the propriety of specific allegations, as well as upon the special grounds urged on their behalf by the defendants successor attorneys and the defendant marshal.