Samuel Rabin, J.
Motion by defendant B. Gertz, Inc., to dismiss the complaint for legal insufficiency.
*59 The crucial operative allegations contained in the complaint are in substance as follows: On or about February 10, 1959, the individual defendant, acting as attorney and agent for the corporate defendant in the collection of a debt owed to the latter by Douglas R. Roberts and Dorothy Roberts, caused a summons and complaint to be served upon plaintiff, Douglas Roberts, at his place of employment in view of his co-workers and superiors. On the same day the defendants, acting through a City Marshal, caused an order .and execution against the plaintiff’s earnings to be served upon his employer. Immediately thereafter plaintiff informed defendants that he was not the defendant intended and was not indebted to the corporate defendant. Defendants thereupon informed plaintiff that they would investigate the matter and if they found the wrong defendant had been served they would withdraw the service of the summons and complaint and the garnishee order and execution. This, they did not do, thus compelling plaintiff to retain an attorney. Defendants caused the summons and complaint and the garnishee order and execution to be served 1 £ without probable cause but wrongfully and maliciously to injure plaintiff ’ ’.
Plainly, facts sufficient to constitute a cause of action for malicious abuse of process have not been stated. The essentials of such a cause of action are “ first, an ulterior purpose; and, second, an act in the use of process not proper in the regular prosecution of the proceedings, the abuse consisting in the perversion of the process to some unlawful purpose and in the willful and oppressive use of it after it is issued; that the action lies only where there is an unlawful interference with person or property under color of process. If the person be not arrested or his property not seized, no matter how unfounded the action may be, there is no abuse of process ” (Silverman v. UFA Eastern Division Distr., 135 Misc. 814, 816; see, also, Bono Sawdust Supply Co. v. Hahn & Golin, 3 A D 2d 221, 227; Miller v. Stern, 262 App. Div. 5, 6-7, 8). No arrest of plaintiff or seizure of his property is alleged in this complaint. Malice and lack of probable cause are not only pleaded in conclusory fashion (see Bono Sawdust Supply Co. v. Hahn & Golin, supra, p. 227), but are tied in with defendants causing the summons and complaint and garnishee order and execution to be served. It was not until after such service that plaintiff informed defendants that he was not the intended defendant and was not indebted to the corporate defendant and no prior knowledge of those facts by either or both of the defendants is alleged. While it is alleged that service of the summons *60 and complaint and garnishee order and execution were not withdrawn, it is not alleged that the action was thereafter prosecuted to judgment or that plaintiff’s wages were withheld under the garnishee.
It is equally clear that the complaint does not state a cause of action for any other relief (see Porterfield v. Saffan; 7 A D 2d 987; Ruza v. Ruza, 286 App. Div. 767, 769; Potash v. Sacks, 282 App. Div. 962; Hubbard v. Banker, 24 N. Y. S. 2d 289, 294-295, affd. 260 App. Div. 901; Schneider v. Sachs Quality Stores, 14 Misc 2d 582).
The motion is accordingly granted with leave to plaintiff, if so advised, to serve an amended complaint within 10 days after service of a copy of the order to be entered hereon, with notice of entry. Submit order.