**L. G. RUDERER, Plaintiff,**

**v.**

**The DEPARTMENT OF JUSTICE, William B. Saxbe, Attorney General, Defendant.**

**No. 74 Civ. 3159.**

United States District Court, S. D. New York.

Dec. 24, 1974.

L. G. Ruderer, pro se.

Paul J. Curran, U. S. Atty., S. D. N. Y., New York City, for defendant; Mel P. Barkan, Asst. U. S. Atty., of counsel.

EDWARD WEINFELD, District Judge.

This is the plaintiff's fourth action in this district stemming from his dismissal from the United States Army Aviation Material Command ("AVCOM") and his subsequent attempts to secure redress in the courts. The other three actions were dismissed.[1] Since 1965, plaintiff has instituted over fifty similar suits against various officials in other courts throughout the nation. Plaintiff's litigious proclivities have resulted in his being enjoined in five federal district courts from commencing further litigation on his claims.

However worded in his current verbose and prolix complaint, plaintiff's claims do not differ in substance from those alleged in his complaints in the prior actions filed in this and other courts. Essentially, he alleges that the defendants and others unlawfully have prevented him from redressing certain grievances in the courts and have engaged in abuse of process in depriving him of redress.

■■ None of plaintiff's allegations state causes of action for abuse of process.[2] Nor do they state any other claims upon which relief can be granted or over which this court has jurisdiction.[3] More importantly, however, to the extent that plaintiff's claims are remotely cognizable in a court of law, they are barred by the doctrine of res judicata.[4] Plaintiff cannot escape the effect of prior adverse determinations "by clothing the claim[s] in different garb."[5] Accordingly, the defendant's motion to dismiss is granted. This disposition requires denial of plaintiff's latest motion in this action, dated December 11, 1974.

■ Since there is no reason to assume that the dismissal of this complaint will be any more effective in inducing plaintiff voluntarily to abandon his frivolous claims than the dismissals of prior complaints, the court is impelled to enjoin him from further litigation of the claims set forth in this and prior complaints. Plaintiff's vexatious course of litigation has been recognized by the five federal courts which have issued injunctions against him.[6]

The court is authorized to enjoin a continuance of this type of vexatious

1. Ruderer v. Mitchell, Civ.No.74–1019 (S.D. N.Y., Aug. 30, 1974) ; Ruderer v. Vance, Civ. No.74–1535 (S.D.N.Y., June 6, 1974) ; Ruderer v. Nixon, Civ.No.74–1426 (S.D.N.Y., June 6, 1974).

2. See Williams v. Williams, 23 N.Y.2d 592, 596, 298 N.Y.S.2d 473, 246 N.E.2d 333 (1969) ; Hauser v. Bartow, 273 N.Y. 370, 373–374, 7 N.E.2d 268 (1937) ; Roberts v. B. Gertz, Inc., 24 Misc.2d 58, 203 N.Y.S. 2d 62, 63 (S.Ct.1960).

3. See 28 U.S.C. § 2680(a) (1970).

4. See Gambocz v. Yelencscics, 468 F.2d 837, 841 (3d Cir. 1972) ; Mathis v. Laird, 457 F. 2d 926 (5th Cir.), cert. denied, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ; Bruszewski v. United States, 181 F.2d 419, 422 (3d Cir. 1950) ; Buchanan v. General Motors Corp., 158 F.2d 728, 730 (2d Cir. 1947) ; Goldstein v. Doft, 236 F.Supp. 730,

734 (S.D.N.Y.1964), aff'd on opinion below, 353 F.2d 484 (2d Cir. 1965) ; Frost v. Bankers Commercial Corp., 11 F.R.D. 195 (S.D. N.Y.1951), aff'd, 194 F.2d 505 (2d Cir. 1952).

5. Frost v. Bankers Commercial Corp., 11 F.R.D. 195 (S.D.N.Y.1951), aff'd 194 F.2d 505 (2d Cir. 1952).

6. Ruderer v. United States of America through Howard Schlitz, No.C491(3) (E.D. Mo., Feb. 2, 1972), aff'd, 462 F.2d 897 (8th Cir.), appeal dismissed and cert. denied, 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972) ; Ruderer v. United States of America through Stanley S. Shepherd, No.71–253–D (E.D.Ill., July 6, 1972) ; Ruderer v. William S. Sessions and Lyndon B. Johnson, No.SA–72CA–273 (W.D.Tex., Oct. 31, 1972) ; Ruderer v. Wood, No.S–CIV–74–52 (S.D.Ill., June 27, 1974) ; Ruderer v. Richardson, Civil No.1051–73 (D.C.D.C., Oct. 3, 1973).

and frivolous litigation.[7]   Accordingly, the plaintiff is ordered not to commence any further action in this court against any person on account of any matter set forth in this or in any previous complaint, or relating to plaintiff's dismissal from AVCOM or to events arising out of his litigation over that dismissal.

7.  28 U.S.C. § 1651(a) (1970) ; Ward v. Pennsylvania Central Transp. Co., 456 F.2d 1046 (2d Cir. 1972) (and cases cited therein), dismissing appeal from 328 F.Supp. 1245 (S.D. N.Y.1971) ; Boruski v. Stewart, 381 F.Supp. 529 (S.D.N.Y., 1974) ; Broder v. Pfizer, Inc., Civ.No.72–2571 (S.D.N.Y., Nov. 28, 1972).