## CONLEY *v.* KEY.

A person who, as agent of another, swears to the truth of a petition to obtain an attachment as for a contempt because of an alleged violation of an injunction, is so far a witness in such proceeding as that affidavits filed by the defendant in support of his answer, tending, by proof of bad character, to impeach the credit of such agent, are privileged, and matters therein recited pertinent to that point are not libelous, and cannot be made the basis of an action for libel either as against an attorney offering such affidavits in evidence, the defendant, or the witnesses making such affidavits.

January 20, 1896.

Action of libel. Before Judge Lumpkin. Fulton superior court. March term, 1895.

The declaration of Conley *v.* Key was dismissed on demurrer. As originally filed it alleged, in the first count: Key, on March 17, 1894, in the course of a trial in the superior court in a case in which Key was of counsel, published of petitioner an affidavit purporting to have been made by S. L. Holcomb, in which there were the following false, malicious and defamatory words concerning petitioner: "In person appeared before me the undersigned S. L. Holcomb, who upon oath says that he is acquainted with John L. Conley, knows his general character, that his character is bad, and from that character he would not believe the said Conley on his oath." Said words so written and published were a false and malicious defamation of petitioner, tending to injure his reputation as an individual and expose him to public hatred, contempt and

ridicule. In the proceeding in which Key made such publication petitioner had not been sworn as a witness, nor was he a party to said proceeding. Key well knew that the affidavit was wholly irrelevant to the question then at issue, and immaterial to the cause then being heard, but used his privilege as counsel in said cause merely as a cloak for venting his private malice against petitioner, and did not in good faith publish said affidavit in promotion of the object for which said privilege is granted. Said affidavit was written by said Key. The second count contained similar allegations as to an affidavit by J. H. Franklin. The third count contained similar allegations as to an affidavit by F. S. Kendrick. The fourth count contained similar allegations as to an affidavit by S. F. Trimble.

By amendment it was alleged, that the cause upon trial, referred to in the declaration, was that of Eliza T. Conley against J. B. McConnell, a proceeding to attach McConnell for contempt in violating an order of the superior court. The petition was set forth. So far as material it alleged, that theretofore Mrs. Conley had filed her bill against McConnell and others, and the judge of the superior court had passed an order enjoining defendants from obstructing or impeding travel over a road mentioned in said bill; that McConnell, after he had been notified of the granting of this order, had violated it; and it was prayed that he show cause why he should not be attached for contempt. This petition was sworn to by John L. Conley, as agent for Mrs. Conley, on March 5, 1894. On it an order was passed requiring McConnell to show cause on March 10, 1894, why he should not be so attached. The declaration then set out the answer of McConnell, denying that he had violated the injunction, and asserting that the action had not been brought in good faith or for the purpose of serving any good end, but was prompted by the innate viciousness of John L. Conley, the husband of movant; and was sworn to by McConnell on March 10, 1894. The amendment further

alleged, that upon the hearing of said petition, rule and answer, John L. Conley was not a witness, nor was anything said by him used in evidence, but the allegations in the petition were sustained by the testimony of persons other than said Conley, and by the personal inspection of the locality by the presiding judge, Conley not being present when the inspection was made; and that upon the trial of the issue the court ordered that McConnell be allowed a certain time to remove his fences from a certain road which they now obstruct in violation of the orders of the court, and if he failed to do so, the sheriff was directed to arrest and imprison him until he should purge himself of contempt. This order was passed May 12, 1894.

*D. P. Hill, W. R. Hodgson* and *A. A. Manning,* for plaintiff.   *Thomas W. Latham* and *James L. Key,* for defendant.

ATKINSON, Justice.

The official report states the facts.

The petition upon which the attachment *nisi* as for a contempt was issued, was sworn to by the plaintiff in error as the agent of the wife.   To meet the charge of contempt, it was necessary for the defendant in that proceeding to answer on oath, and it was perfectly competent to support his answer, either by the testimony of witnesses verifying its truth, or by proving to the satisfaction of the court that the person filing the information was so utterly unworthy of credit, as that an information supported only by his affidavit was to all intents and purposes not sworn to at all. For the purpose of that inquiry, the plaintiff in error was a witness to the extent that his affidavit was the basis of the accusation, and testified against the defendant; and this rendered legitimate the production of impeaching affidavits. Affidavits made in a judicial proceeding pertinent to the issue are held to be privileged, notwithstanding they may have been made maliciously.   See *Francis et al.* v. *Wood et*

*al.*, 75 *Ga.* 648. If a witness who makes an affidavit which is pertinent and legal is excused upon the ground of privilege, certainly the attorney who presents it for the consideration of the court cannot be held to have abused his privilege. To rule such a doctrine, would be to practically deprive a party of the benefit of counsel in every case in which it became necessary or proper to impeach a witness of his adversary. We therefore conclude that the court committed no error, and that the judgment sustaining the demurrer to the plaintiff's declaration be          *Affirmed.*