NATHAN BARNETT *vs.* CLARENCE B. LOUD.

Suffolk. March 8, 1917. — April 7, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Libel*, Privileged communications, Statements in pleadings. *Landlord and Tenant. Pleading, Civil,* Libellous statements. *Attorney at Law.*

Where an attorney at law lets to another attorney at law a part of an office suite consisting of three rooms, one of which each attorney occupies as a private office, the third being used as a common waiting room, and then gambles with cards in his office during business hours, invites "a vile and disreputable woman to frequent his office, who·is obscene and insulting," and so conducts himself in his occupancy of the office and becomes so objectionable therein as to bring disgrace upon the office and to cause the other lawyer great loss and discomfort, such facts will not sustain a claim by the tenant attorney for damages in recoupment in an action brought against him for rent.

If an attorney at law, who is a defendant in an action for the rent of a part of a room let to him for use as an office, brought by one to whom a second attorney at law had assigned his rights as a landlord, in his answer to such action admits that he hired "a part of the office" of the second attorney, which "consisted of two private offices and a common waiting room," and that the second attorney occupied one of the offices and he the other, and further alleges by way of recoupment that the second attorney "began and continued gambling for money with cards in his said office during business hours, . . . invited and allowed a vile and disreputable woman to frequent his office, who was obscene and insulting to my clients" and "so conducted himself in his occupancy of said office and became so disreputable therein himself as to bring disgrace upon said office and cause me great loss and discomfort thereby in my business," such allegations are not privileged, not being pertinent to any issue in the action for rent; and the second attorney by reason of them may maintain an action of tort for libel.

TORT for a libel alleged to have been published concerning the

plaintiff, an attorney at law, in an answer filed by the defendant in an action by an assignee of the plaintiff for $15 alleged to be due as rent of a part of a suite of rooms in the Carney Building in Boston. Writ dated October 16, 1916.

The portion of the alleged libellous answer in the action for rent, which was the ground of this action, was as follows:

"The defendant admits that he hired a part of the office of the Nathan Barnett mentioned in the plaintiff's declaration substantially as therein set forth. That said office consisted of two private offices and a common waiting room, that said Barnett occupied one of said offices and I occupied the other. . . .

"Also said Barnett invited and allowed a vile and disreputable woman to frequent his office, who was obscene and insulting to my clients and said Barnett so conducted himself in his occupancy of said office and became so disreputable therein himself as to bring disgrace upon said office and cause me great loss and discomfort thereby in my business for all of which I hereby claim damages in recoupment which damages are far beyond any claim the said Barnett or the plaintiff are dishonestly attempting to collect from me by this suit.

"And further answering I say to this Honorable Court that I hired said office upon the agreement that said Barnett would not smoke therein during business hours, and upon the implied agreement that everything in regard to said office and my occupation thereof as far as said Barnett was concerned should be proper and decent and respectable and a proper place to do business and that he would so conduct himself in a proper and decent manner in said office, but that said Barnett soon afterwards began and continued to smoke, strong tobacco in a pipe and kept said office more or less filled with tobacco smoke much to the discomfort of many of my clients that said Barnett began and continued gambling for money with cards in his said office during business hours, and would keep his office locked for many hours at a time, for the purpose of gambling thus greatly discommoding me in my business in said office and that he became disrespectful and very insulting to many of my clients some of whom refused to come to me for business until I should get out of such an office as I was in, and I promised them I should do so as soon as I could get an office that suited me."

The defendant demurred to the declaration, which is described more fully in the opinion. The demurrer was heard by *Jenney,* J., and was sustained. Judgment was entered for the defendant; and the plaintiff appealed.

The case was submitted on briefs.

*N. Barnett, pro se.*

*G. C. Mellen & C. B. Loud,* for the defendant.

BRALEY, J.  The action is tort for libel, and the demurrer admits all the essential allegations of the declaration, from which it appears that at the time of publication the plaintiff was and has since continued to be an attorney at law engaged in the active practice of his profession in this Commonwealth.  It cannot be doubted that the accusations, that he invited and allowed a vile and disreputable woman to frequent his office or place of business, and so conducted himself as to bring disgrace upon his office, and that he gambled "for money with cards in his said office during business hours," were, if false and without justification, defamatory and actionable.  The publication obviously tended to subject the plaintiff to public contempt and to injure seriously his reputation for integrity and moral worth not only as an individual, but as a member of the bar entitled to the confidence of the community. *Atwill* v. *Mackintosh,* 120 Mass. 177.  *Morasse* v. *Brochu,* 151 Mass. 567.  *Dow* v. *Long,* 190 Mass. 138.  *Merrill* v. *Post Publishing Co.* 197 Mass. 185.  *Wynne* v. *Parsons,* 57 Conn. 73. *May* v. *Brown,* 3 B. & C. 113, 138.

But as the publication consisted of a general answer and claim in recoupment filed in an action brought in the name of the plaintiff's assignee to recover for use and occupation of a room let to the defendant as the plaintiff's tenant, the demurrant contends that the publication is privileged.

It is settled by *McLaughlin* v. *Cowley,* 127 Mass. 316, 319, that parties are absolutely exempted from liability for defamatory words published in the course of judicial proceedings, provided the statements are pertinent and material to the controversy. *Wright* v. *Lothrop,* 149 Mass. 385, 389, 390.  The alleged libel is contained in so much of the answer as related to recoupment, and while under the statute governing assignments any defence, counter claim or set off available against the assignor may be asserted against his assignee, a cross demand unless arising from

the contract sued on cannot be maintained. R. L. c. 173, § 4. *Knitted Mattress Co.* v. *Griggs,* 154 Mass. 5. The right to recoup is the right to have unliquidated damages ascertained and applied in reduction of the plaintiff's demand, although the defendant cannot have judgment for any excess. *Bryne* v. *Dorey,* 221 Mass. 399, 405. *Merchants Heat & Light Co.* v. *J. B. Clow & Sons,* 204 U. S. 286. The claim however must be a valid cause of action. *Taylor* v. *Finnigan,* 189 Mass. 568. *Eddy* v. *Coffin,* 149 Mass. 463. Whatever personal discomfort may have been caused by the acts alleged, they did not interrupt nor tend to interrupt the tenant's possession. It is plain that he had no ground of complaint sounding in damages because of the failure of the plaintiff to discharge some obligation, or of his neglect of some duty, imposed upon him in the making or performance of the contract. *Rogers* v. *Coy,* 164 Mass. 391. *Bradley* v. *Rea,* 14 Allen, 20. *Bennett* v. *Kupfer Brothers Co.* 213 Mass. 218, 221, and cases cited. *Dushane* v. *Benedict,* 120 U. S. 630.

And the defendant having admitted by the demurrer that with express malice he prepared and published the defamatory words, which were wholly irrelevant to the issue, the justification on which he now relies is not a defence. *McLaughlin* v. *Cowley,* 127 Mass. 316; *S. C.* 131 Mass. 70. See R. L. c. 173, §§ 90, 93.

The judgment for the defendant must be reversed and the demurrer overruled.

*So ordered.*