## BLEECKER v. DRURY.
### Civ. No. 1501.

District Court, W. D. New York.
Jan. 31, 1944.

Russell V. Bleecker, of Cleveland, Ohio, in pro per.

John F. Dwyer, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This is a motion to dismiss the action addressed to the Second Amended Complaint on the ground that the plaintiff fails to state a claim upon which relief can be granted.

No affidavits are submitted on the motion, and thus the scope of the court's inquiry is restricted to the Second Amended Complaint, the only pleading now before the court. It sets forth three causes of action; the first, alleging a libel published in defendant's brief filed with the Industrial Board of New York, the second and third, realleging the first cause in toto and also adding separate causes grounded in slander arising out of alleged telephone

conversations "in the spring of 1943" between defendant and a claim agent of plaintiff's client.

Defendant contends that there is a failure to state a claim in that it affirmatively appears the alleged libel was made in the course of a judicial proceeding and thus was privileged and that the allegations of slander are indefinite as to time and place and violative of Federal Rules of Civil Procedure, rule 9(f), 28 U.S.C. A. following section 723c.

■ Taking up the question of privilege as to statements, oral or written, in the course of judicial proceedings, it is noted that the law gives a privilege which is greater than the ordinary defense of privilege in libel and slander. This expansion of the privilege rests upon the policy of removing any obstruction which may hinder the presentation of a case and give rise to restriction of examination and argument and raise impediments to the securing of truth and justice.

■ The New York cases have put a limitation on this privilege which has been stated by Judge Cardozo as follows:

"With us the condition is added that the privilege will be lost if the libel is irrelevant. Youmans v. Smith, 153 N.Y. 214, 47 N.E. 265; Moore v. Manufacturers' Nat. Bank, 123 N.Y. 420, 426, 25 N.E. 1048, 11 L.R.A. 753; McLaughlin v. Cowley, 127 Mass. 316; Barnett v. Loud, 226 Mass. 447, 115 N.E. 767; Kemper v. Fort, 219 Pa. 85, 67 A. 991, 13 L.R.A.,N.S., 820, 123 Am.St.Rep. 623, 12 Ann.Cas. 1022. But, while counsel keep within those bounds, their immunity is absolute. For the moment, we put aside the question whether there is any difference in that respect between statements in judicial proceedings and statements to the Governor in a petition for clemency. We view the case provisionally as if the statements had been made in court.

"We think it was error to rule that the defamatory charges were not pertinent to the appeal for mercy. There is no room in such matters for any strict or narrow test. Much must be left to the discretion of the advocate. The privilege embraces anything that may possibly be pertinent. Youmans v. Smith, supra. * * * Those statements may have been false, but they were not impertinent. Conley v. Key, 98 Ga. 115, 25 S.E. 914. To appreciate their pertinency, we may ask ourselves what

the duty of counsel would have been, had they been true. The answer is not doubtful." Andrews v. Gardiner, 224 N.Y. 440, 445, 446, 121 N.E. 341, 343, 2 A.L.R. 1371. Also see Seelman on Libel and Slander, pp. 161 to 182.

■ It is unnecessary at this time, however, to decide whether or not the alleged libellous matters set forth in the first cause of action are privileged. The nature and scope of the argument and proceeding in question is not set forth in the complaint, and the briefs do not present anything concrete and overall with respect to it. On this state of the record the court will not speculate in determining a motion to dismiss the action.

With respect to the second and third causes of action, besides incorporating by reference the first cause of action, each alleges matters which support an action for slander. While indefinite insofar as it is alleged that the slanders occurred in the "spring of 1943" insofar as and the causes do not allege any place whatsoever, the materiality of the time or place has not been pointed out to the court other than the requirement of Rule 9(f), which is as follows: "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter."

■ The court, however, does not understand Rule 9(f) as having the purpose proposed by defendant herein. Under the practice prior to adoption of the rules, it was possible to allege any date or place and not be bound by it in proof, because the dates and places alleged were not material. The new rules, however, require exactitude in this respect, and dates and places set forth in the complaint may be used to set up a defense based on the bar of the statute of limitations and other defenses wherein the date and place have a bearing. There has been no contention presented herein of application of any defense if the slander occurred in the early spring nor any defense on the ground of locus of the occurrence of the alleged slander. The general statement is set forth that it would be harmful to require defendant to answer such indefinite allegations. There is some merit to defendant's objection, but under the circumstances it should have been made by motion under Rule 12(e), and not by motion

to dismiss on the ground of failure to state a claim.

It is noted as a further ground for this decision that the motion is addressed to the dismissal of the action and not to each of the separate counts or causes of action. Under the scope of the defendant's motion, if one of the causes of action is sufficient, the motion should be denied in its entirety, unless the court chooses to regard the motion as addressed separately to each cause. This latter will not be done, and the complaint being sufficient in that it sets forth a claim to relief, the motion is also denied, on this ground.

While the complaint is not drawn artfully and violates Rule 10(b) in that it does not separately state each occurrence, but joins libel causes with separate slander causes, still the court feels that it should surmount the present motion.

The aims of the defendant might better be presented by a motion for summary judgment under Rule 56 or at a trial where all matters concerning the motion will be before the court.

Motion denied. Let orders be prepared accordingly.