72315. MALLARD v. JENKINS et al.
(347 SE2d 339)

BIRDSONG, Presiding Judge.

Summary judgment was granted to the defendants in this case because the plaintiff had executed a general release of all claims marked prominently at the top "RELEASE OF ALL CLAIMS," and, just above the signature, "(CAUTION — READ BEFORE SIGNING)." Mallard responded to the motion with an affidavit averring that Jenkins' insurance agent Ethel McNair had never discussed a settlement with her and tricked her by delivering a draft for wage benefits and saying she wanted to advance some additional money for the holiday season, and by turning around as she left, saying she almost forgot to get Mallard's signature on a blank form which Mallard was led to believe was necessary to continue medical payments; and that she "has little formal education and cannot read or write with any degree of proficiency or understanding and was tricked and deceived by [the agent] Ethel McNair in her own home at a time when she was in considerable pain and under the effects of medication, all of which was well known to Ms. McNair."

The trial court, granting summary judgment to defendants, ruled that no device prevented Mallard from reading the document, and that Mallard's affidavit was insufficient to raise an issue of fact because it did not state what medication, or when and how much she took, or what formal education she did have; and because the meaning of "cannot read [or] write with any degree of proficiency or understanding" was unclear or unknown. *Held:*

"On motion for summary judgment the evidence is viewed in a light most favorable to the respondent, and the respondent is given the benefit of every doubt." *Lorie v. Standard Oil Co.,* 175 Ga. App. 308 (333 SE2d 110). The movant has the burden to prove the nonexistence of any genuine issue of material fact (OCGA § 9-11-56), and in so determining, the court will treat the respondent's paper with considerable indulgence. *Butler v. Terminix Intl.,* 175 Ga. App. 816 (334 SE2d 865).

It is well established that a party who can read must read, or show a legal excuse for not doing so, such as an emergency which excused the failure to read; or fraud of the other party not merely as to what is in the document, but by some trick or device which actually prevented him from reading it. *Tillman v. Byrd,* 211 Ga. 918 (3) (89 SE2d 479); *Morrison v. Roberts,* 195 Ga. 45 (23 SE2d 164); *Stoddard Mfg. Co. v. Adams,* 122 Ga. 802, 803 (50 SE 915); *Petroziello v. U. S.*

*Leasing Corp.*, 176 Ga. App. 858 (338 SE2d 63); *Citizens Bank Vienna v. Bowen*, 169 Ga. App. 896, 897 (315 SE2d 437); *Hart v. Trust Co. of Columbus*, 154 Ga. App. 329, 330 (268 SE2d 384). But if one party induces the other by trick or artifice or misrepresentations to sign a paper when he was *under a disability* which deprived him of the capacity to read and reason, we cannot see that he is much better off than if he could not read at all, and this may be a fact which excuses him for having signed it. See *Wall v. Fed. Land Bank*, 156 Ga. App. 368, 372 (274 SE2d 753). The appellant, in connection with why and how she signed the paper, swore she was in considerable pain and was taking prescription medication for pain. The trial court must take this as fact on motion for summary judgment of the other party. *Columbia Drug Co. v. Cook*, 127 Ga. App. 490 (194 SE2d 286). The indication, with every indulgence in appellant's favor, is that the prescribed medication affected her ability to reason, and since this is not contradicted by the defendants, it is of little moment at this point what the medication was.

But there is an even clearer reason why the defendant should not have been granted summary judgment in this case: there is a question of fact whether appellant could have read and understood the paper's significance even had she not been under any other disability.

The trial court queried, "[W]hat does cannot read and write with any degree of proficiency or understanding mean?" and concluded it does not mean Mallard could not read and understand the release that she signed. But we think the statement is clear enough to survive the motion for summary judgment by the defendant: the plaintiff cannot read with "*any* degree of proficiency or understanding." (Emphasis supplied.) This precludes any inference that she can read with proficiency and understanding. Appellant would not be required, in order to survive summary judgment, to list all the words she cannot read with any degree of proficiency and understanding. We do not see how much more precise she can be than to swear she cannot read "with any degree of proficiency [and] understanding." Proving how much formal education she received would not necessarily prove she could read, and her failure to prove how much formal education she received does not prove she can read. She swears under oath she cannot read with "any degree of proficiency [and] understanding." On motion for summary judgment by the defendants with every indulgence and benefit of every doubt in her favor, this becomes a fact; defendants, the movants, must controvert that fact. *Wheat v. Montgomery*, 130 Ga. App. 202, 206 (202 SE2d 664). Defendants have not in any way proven or even suggested that appellant can read with proficiency and understanding. It is not for the trial court to conclude beyond any material issue of fact that her statement is false and that she can read with a degree of proficiency and understanding, particu-

larly since there is no evidence offered by defendants that she can.

The plaintiff Mallard set up a good defense to the motion for summary judgment. " 'Where . . . one who can not read is induced to sign an instrument by the misrepresentations of the other party as to its character or contents, he is not bound thereby. He may, ordinarily, rely upon the representation of the other party as to what the instrument is or as to what it contains; and his mere failure to request the other party, or someone else, to read it to him will not generally be such negligence as will make the instrument binding upon him.' *Grimsley v. Singletary*, 133 Ga. 56, 58 [65 SE 92]. 'Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury.' *Elliott v. Marshall*, 179 Ga. 639, 640 (176 SE 770)." *Pirkle v. Gurr*, 218 Ga. 424, 426 (128 SE2d 490). See also *Calhoun v. Kut-kwick Corp.*, 172 Ga. App. 511 (323 SE2d 699).

Accordingly, the trial court erred in granting summary judgment to the defendants in the face of Mallard's uncontroverted assertion that she could not read with any degree of proficiency or understanding and was tricked into signing the release while she was under a disability and further that she was in considerable pain and under medication.

*Judgment reversed. Banke, C. J., and Sognier, J., concur.*

DECIDED JULY 1, 1986.

*G. Leonard Liggin*, for appellant.
*Robert S. Slocumb*, for appellees.