75535. BURTON v. KEY CAPITAL CORPORATION.
(364 SE2d 296)

POPE, Judge.

Appellant Carolyn Burton appeals the trial court's order granting summary judgment to appellee Key Capital Corporation. The record shows that appellant leased a 1984 Plymouth automobile from Ed Voyles Chrysler Plymouth in November 1983. Voyles assigned the lease agreement to Key Capital Corporation. Appellant ceased making payments as provided in the lease and was deemed to be in default under the terms provided therein. Appellee subsequently instituted the present action against appellant, seeking $8,555.34 in payments allegedly owed, 8 percent interest, plus attorney fees. Appellant answered and counterclaimed, denying liability for any amounts owed and contending that the car was defective.

On October 22, 1986 appellee filed a motion for summary judgment and supporting documents on both its claim and appellant's counterclaim, including the affidavit of its assistant vice-president, setting forth appellant's liability under the terms of the lease. Following four extensions of time in which to respond to appellee's motion, appellant filed an amended answer and response to appellee's motion

on January 6, 1987. Although appellant did not file either a statement of material facts as to which she contended there existed a genuine issue for trial (USC Rule 6.5) or affidavit, she argued in her response that appellee's motion should be denied based on its failure to address the defenses raised in her amended answer (filed contemporaneously with her response) and because said motion was premature, as discovery had not yet been completed. The record further shows that appellant's amended answer stated that: (1) appellee violated the Consumer Leasing Act of 1976, 15 USC § 1667 et seq.; (2) there was a failure of consideration; (3) the contract had created an illegal penalty; (4) appellee failed to mitigate damages; and (5) the contract was unconscionable.

On appeal appellant reasserts her argument that appellee's motion for summary judgment should be denied because it does not negate those affirmative defenses raised in her amended answer. Specifically, appellant argues that appellee failed to refute her contention that it violated the Consumer Leasing Act of 1976, that the contract created a penalty and was thus unenforceable and that appellee failed to mitigate damages. Under the facts presented here, we find no error.

"If a prima facie showing is made that the moving party in summary judgment is entitled to judgment as a matter of law, the opposing party must come forward with rebuttal evidence at that time or suffer judgment against him. When a motion for summary judgment is made and supported by evidence outside the pleadings, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. . . . Although it is permissible to allege defenses in a conclusory format, where a plaintiff files . . . a motion for summary judgment, and evidence is offered on the issue, if the plaintiff establishes a prima facie right to summary judgment, a defendant may not rest upon conclusory allegations or defenses in his pleadings, but must come forward with facts showing a genuine issue remains for trial. Since appellee's prima facie entitlement to summary judgment was in no way refuted by evidence from [appellant], the trial court did not err in granting summary judgment to appellee . . . and entering judgment thereon." (Citations, punctuation and indention omitted.) *Dunoco Dev. Corp. v. Ed Taylor Constr. Co.*, 178 Ga. App. 738, 739 (344 SE2d 531) (1986). See also *Meade v. Heimanson*, 239 Ga. 177 (236 SE2d 357) (1977); *Thomasson v. Pineco, Inc.*, 173 Ga. App. 794 (328 SE2d 410) (1985); *Bradley v. Tattnall Bank*, 170 Ga. App. 821 (2, 3) (318 SE2d 657) (1984); *Norris v. Kunes*, 166 Ga. App. 686 (305 SE2d 426) (1983).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED DECEMBER 4, 1987 —
REHEARING DENIED DECEMBER 17, 1987.

*Ralph S. Goldberg*, for appellant.
*Karl M. Terrell, William K. Carmichael, John R. Hunt*, for appellee.