A91A0033. McCOY v. STATE FARM INSURANCE COMPANIES.
(405 SE2d 743)

BIRDSONG, Presiding Judge.

Albert McCoy appeals from the grant of summary judgment to State Farm Insurance Companies. McCoy contends the trial court erred by granting summary judgment without considering whether his mental condition at the time he executed the release created an issue of fact for jury determination.

The record shows that after an automobile accident with an uninsured motorist and his discharge from an overnight stay in the hospital, McCoy was visited by a State Farm insurance adjuster. During that visit, McCoy and his wife signed a document which for $3,000 released State Farm from further liability for their personal injury and property damage claims under McCoy's uninsured motorist coverage with State Farm. Subsequently, McCoy filed this suit against State Farm claiming a breach of contract for State Farm's failure to pay benefits under the uninsured motorist coverage and for fraud in the procurement of the release of claim. McCoy's complaint contended he signed the release because he was misled by State Farm's insurance adjuster that the release was only for his property damage and because he was under medication. *Held*:

McCoy relies on *Mallard v. Jenkins*, 179 Ga. App. 582, 583 (347 SE2d 339), for the proposition that a physical disability which deprived one of the "capacity to read and reason" in combination with the fraud of the other party can be sufficient to excuse one from reading what he signs. This general proposition, however, is not dispositive of this appeal because McCoy has never claimed that he suffered from "a disability which deprived him of the capacity to read or reason. . . ." (Emphasis deleted.) Id. at 583.

McCoy's complaint alleged only that State Farm's adjuster falsely represented to him that the release was for property damage only when the release was for property damage and bodily injury. The complaint did not allege that any medical condition prevented McCoy from reading and understanding the release. Additionally, when he was deposed, McCoy testified only that the adjuster tricked him into signing the release, and not that he could not read and understand the release for any reason. While he testified that he was in pain, he also testified that despite his signature and his wife's signature appearing on the release, he did not see the release, and that if he had seen the release he could have read it.

Not until his affidavit, submitted in response to State Farm's motion for summary judgment, did McCoy assert that he remembered that he was taking "Tylenol 3, muscle relaxers," and perhaps "Motrin," and that he was "tired and groggy" during the time State Farm's adjuster visited him. This allegation falls far short of asserting

that McCoy was suffering from a disability that deprived him of his capacity to read and to reason. Moreover, even if it did, this assertion conflicts, without explanation, with McCoy's deposition testimony that his complaint was that State Farm's adjuster tricked him into signing the release by saying that the release was for property damage only, that he could and did read some of the forms, that he could have read the release had he seen it and also conflicts with McCoy's deposition testimony which displayed a detailed recollection of his conversation with the adjuster to the extent that he could prepare a diagram of the chairs each occupied during their discussion. Therefore, the contradictory testimony rule applies to this case, and we must eliminate those unexplained contradictory portions of McCoy's affidavit. *Gentile v. Miller &c., Inc.*, 257 Ga. 583 (361 SE2d 383); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). Further, Mrs. McCoy's affidavit is unhelpful because it does not allege that her husband was under a disability which deprived him of his ability to read and reason. Moreover, she offers no explanation why she did not read and understand the release that she signed.

Accordingly, McCoy has failed to assert facts which would entitle him to rely on the rule recognized in *Mallard v. Jenkins*, supra. Thus, the general rule applies in this case and, as McCoy could read and has asserted no valid reason for not doing so, he is bound by the release he signed. *Conklin v. Liberty Mut. Ins. Co.*, 240 Ga. 58, 59-60 (239 SE2d 381).

Accordingly, even affording McCoy all the benefits to which he is entitled under our summary judgment procedures (see OCGA § 9-11-56 (c); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843)), the trial court did not err by granting summary judgment to State Farm.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MAY 8, 1991.

*Fleming, Blanchard & Bonner, Danny L. Durham*, for appellant.
*Dye, Miller, Tucker & Everitt, Benjamin H. Brewton, Thomas W. Tucker*, for appellee.

