A93A0052. FINCHER v. DEMPSEY.
A93A0053. GARNER et al. v. DEMPSEY.
(433 SE2d 78)

JOHNSON, Judge.

Mark Allen Dempsey was injured when the car in which he was a passenger was involved in a collision. Carla Rebecca Fincher, to whom Dempsey was engaged at the time, was driving. Approximately one month after the accident, Dempsey asked Fincher to take him to her insurer, State Farm Mutual Insurance Company, to talk with an adjuster about medical bills which had accrued and lost wages. Fincher waited in the car during Dempsey's meeting with the adjuster, Clay Garner. Garner offered Dempsey a check for $6,600, which he accepted and later negotiated. It is uncontroverted that at that meeting Dempsey signed a document captioned "RELEASE," which stated that in consideration of the payment, he released and forever discharged Carla Fincher and policyholder Carl E. Fincher from any and all claims arising from the accident.

Later, Dempsey sued Fincher seeking recovery for personal injuries arising out of the accident. Fincher pleaded the affirmative defenses of release and accord and satisfaction on the basis of the release executed by Dempsey. Dempsey filed a second action against State Farm and Garner alleging that the release was obtained by fraud. Motions for summary judgment were filed by the defendants in

both cases. Dempsey asserted that a fact question exists regarding his capacity to enter into the release as a result of the head injuries he sustained in the accident. The trial court denied the motions, and granted certificates of immediate review. We granted the petitions for interlocutory review of the court's denial of the motions for summary judgment.

"There are few rules of law more fundamental than that which requires a party to read what he signs and to be bound thereby." (Citations omitted.) *Berman v. Rubin*, 138 Ga. App. 849, 854 (227 SE2d 802) (1976). "It is well established that a party who can read must read, or show a legal excuse for not doing so, such as an emergency which excused the failure to read; or fraud of the other party not merely as to what is in the document, but by some trick or device which actually prevented him from reading it. [Cits.]" *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986). Dempsey has not shown a legal excuse for failing to read the entire release. He claims that part of the form was obscured by a piece of paper at the time it was presented to him for execution. He admits that he read the exposed portion of the form, but did not ask to see the portion that was obscured. Dempsey has pointed to no evidence showing that Garner actually prevented him from reading the entire document had he asked to do so. The release presented to Dempsey is a one-page document written in plain English and devoid of legal jargon. At several points in its two paragraphs, and in a single line of text which is directly above the signature lines, it repeats that acceptance of payment constitutes a full and final settlement of all claims. It further states that the document has been completely read, fully understood and voluntarily accepted.

"It is clear that no fiduciary relationship exists between one having a claim against an insured and the agent of a liability carrier who seeks settlement of the claim, and a release obtained by him from a party having a claim for damages is binding . . . unless he has prevented the claimant from making investigation of his legal rights in the premises." (Citations and punctuation omitted.) *Riker v. McKneely*, 153 Ga. App. 773, 774 (266 SE2d 553) (1980); see also *McMullan v. Nichols*, 162 Ga. App. 865 (292 SE2d 568) (1982). There is no evidence in the record that Garner prevented Dempsey from making an independent investigation regarding the legal effect of the release prior to signing the document.

We find that the record contains no genuine issue of material fact regarding Dempsey's capacity to execute the release. In *McCoy v. State Farm Ins. Cos.*, 199 Ga. App. 675 (405 SE2d 743) (1991), summary judgment in favor of the insurance company was affirmed in the absence of facts establishing a disability. Dempsey's affidavit submitted in opposition to the motions for summary judgment states only

that at the time he executed the release he lacked the mental capacity to "appreciate and understand" the release. In his deposition Dempsey stated that he read part of the release before signing it, conceded that he could understand a conversation and recounted many substantive elements of his conversation with Garner. "Tired and groggy" did not constitute a disability in *McCoy*, supra. Likewise, Dempsey's contention that he did not appreciate the legal consequences of executing the documents does not constitute the requisite lack of mental capacity which would relieve him of being bound by it. There are no genuine issues of material fact and Clay Garner, State Farm and Fincher are entitled to judgment as a matter of law. The trial court erred in denying both motions for summary judgment.

*Judgments reversed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JUNE 28, 1993 —

*Gleason, Davis & Dunn, John W. Davis, Jr., David J. Dunn, Jr.,* for appellants.
*Clifton M. Patty, Jr.,* for appellee.