A94A0717. CHARLES S. MARTIN DISTRIBUTING COMPANY, INC. et al. v. BERNHARDT FURNITURE COMPANY.
(445 SE2d 297)

JOHNSON, Judge.

Bernhardt Furniture Company sold furniture on an open account to Charles S. Martin Distributing Company, Inc. (CSM). Bernhardt sued CSM and William Martin, as personal guarantor, claiming indebtedness on the account in the principal amount of $146,659, plus pre-judgment interest. Bernhardt and Martin filed cross-motions for summary judgment. The trial court granted partial summary judgment to Bernhardt, holding that there is no genuine issue of material fact that both CSM and Martin are indebted to Bernhardt in the principal amount of $145,157. The court denied Bernhardt's motion as to the further amount of principal claimed and the pre-judgment interest sought. The court denied Martin's motion for summary judgment. CSM and Martin jointly appeal.

1. Martin contends that the court erred in denying his motion for summary judgment because he did not sign the personal guarantee of CSM's debt and therefore it does not satisfy the statute of frauds. The record contains a one-page document dated April 24, 1978, and entitled, "PERSONAL GUARANTEE." No signatures appear on that page, but the last line of the document states, "The guarantor

hereby claims the benefit of all Homestead Exemption laws. See addendum attached hereto." Attached to the personal guarantee is a document labeled, "ADDENDUM TO PERSONAL GUARANTEE DATED APRIL 24, 1978." That addendum provides, "By accepting this Guaranty of Individual, Bernhardt Furniture Company will evidence its agreement that if Bernhardt Furniture Company should ever obtain judgment on the obligations evidenced by this Agreement, Bernhardt Furniture Company will not initiate levy and execution on the residence of the undersigned and the contents therein at 1984 River Forest Road, N.W., Atlanta, Ga. as part of its efforts to obtain satisfaction of its judgment." Martin admits that he signed this addendum, but claims he does not recall seeing the guarantee until after signing the addendum because the papers were not attached to each other.

The statute of frauds requires that a promise to answer for the debt of another be in writing and signed by the promisor. OCGA § 13-5-30 (2). However, "[t]he statute of frauds does not require that all the terms of the contract should be agreed to or written down at one and the same time, nor on one piece of paper; but where the memorandum or the bargain is found on separate pieces of paper, and where these papers contain the whole bargain, they form together such a memorandum as will satisfy the statute, provided the contents of the signed paper make such references to the other written paper or papers as to enable the court to construe the whole of them together as containing all the terms of the bargain." (Citations and punctuation omitted.) *Industrial Welding &c. v. CIT Corp.*, 157 Ga. App. 611 (278 SE2d 50) (1981); see also *JAM Bonding Co. v. State of Ga.*, 179 Ga. App. 82, 83 (345 SE2d 87) (1986). The papers in the instant case make reference to each other; the addendum signed by Martin refers to the personal guarantee of April 24, 1978, and that guarantee cites the attached addendum. The trial court was therefore enabled to construe the papers together as containing all the terms of the personal guarantee. See *Beckworth v. Beckworth*, 255 Ga. 241, 245 (3) (a) (336 SE2d 782) (1985); *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898-899 (2) (324 SE2d 746) (1984).

Martin cannot avoid those terms by claiming that he failed to see the entire document he signed. "There are few rules of law more fundamental than that which requires a party to read what he signs and to be bound thereby. It is well established that a party who can read must read, or show a legal excuse for not doing so, such as an emergency which excused the failure to read; or fraud of the other party not merely as to what is in the document, but by some trick or device which actually prevented him from reading it." (Citations and punctuation omitted.) *Fincher v. Dempsey*, 209 Ga. App. 222, 223 (433 SE2d 78) (1993). The addendum signed by Martin plainly incorpo-

rated by reference the personal guarantee, which has a clear and ascertainable meaning. See generally *Williams Tile &c. Co. v. RA-LIN & Assoc.*, 206 Ga. App. 750 (1) (426 SE2d 598) (1992). We conclude that Martin also had a duty to read the personal guarantee incorporated by the paper he signed. Because there is no evidence that Bernhardt prevented Martin from reading the personal guarantee and its addendum, or of any other legal excuse for Martin's failure to read, he is bound by his signature. *McCoy v. State Farm Ins. Co.*, 199 Ga. App. 675 (405 SE2d 743) (1991); compare *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986). The trial court therefore not only properly denied Martin's motion for summary judgment, but also properly granted Bernhardt's motion for summary judgment as to Martin's liability, finding that there is no genuine issue of material fact that Martin personally guaranteed CSM's debt. OCGA § 9-11-56.

2. Martin contends that the court erred in denying his motion for summary judgment because there was a novation of the open account agreement between Bernhardt and CSM without his consent. "Any change in the nature or terms of a contract is called a 'novation'; such novation, without the consent of the surety, discharges him." OCGA § 10-7-21. Martin argues that Bernhardt's attempt to recover interest in the instant lawsuit has changed an alleged oral agreement that CSM is not required to pay interest on the open account. This argument is without merit. Bernhardt's mere claim for interest, as provided by OCGA § 7-4-16, in no way changes the terms of the account agreement. Those terms, whatever they may be, are still in effect despite this claim. The trial court properly denied Martin's motion for summary judgment on this ground.

3. CSM and Martin complain that the court erred in partially granting Bernhardt's motion for summary judgment because Bernhardt failed to rebut their affirmative defenses. "[A]lthough it is permissible to allege defenses in a conclusory format, where a plaintiff . . . files a motion for summary judgment, and evidence is offered on the issue, if the plaintiff establishes a prima facie right to summary judgment, a defendant may not rest upon conclusory allegations or defenses in his pleadings, but must come forward with facts showing a genuine issue remains for trial." (Citation and punctuation omitted.) *Thomasson v. Pineco, Inc.*, 173 Ga. App. 794, 796 (328 SE2d 410) (1985). Bernhardt offered evidence establishing a prima facie right to summary judgment. Because CSM and Martin have not come forward with any facts showing a genuine issue as to their affirmative defenses, the court did not err in granting partial summary judgment to Bernhardt. *Burton v. Key Capital Corp.*, 185 Ga. App. 394 (364 SE2d 296) (1987).

4. CSM and Martin contend that the court erred in granting partial summary judgment prior to ruling on CSM's pending motion to

compel Bernhardt to respond more fully to four interrogatories. "Although the grant of summary judgment while a motion to compel discovery is pending is generally not condoned, where, as here, the disallowed discovery would add nothing of substance to the party's claim, reversal is not required. [Cit.]" *Tuck v. Marriott Corp.*, 187 Ga. App. 567, 569 (2) (370 SE2d 795) (1988). Moreover, although CSM and Martin raised this issue in their responses to the motion for summary judgment, the record does not reveal that they ever requested a continuance so the court could rule on the motion to compel prior to ruling on Bernhardt's motion for summary judgment. *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 52 (5) (424 SE2d 338) (1992). We find no reversible error.

5. CSM and Martin assert that the court erred in granting summary judgment to Bernhardt as to the principal amount of the debt because there is a genuine issue of material fact as to the amount of CSM's set-off claim. CSM, however, has not properly asserted a set-off claim. The assertion of a set-off against the amount owed is not a defense, but is a claim for affirmative relief. *Russell v. KDA, Inc.*, 206 Ga. App. 397, 399-400 (4) (425 SE2d 406) (1992). CSM improperly asserted set-off in its answer to the complaint solely as a defense, not as a claim for affirmative relief. Because CSM has not properly asserted a claim for affirmative relief based on set-off, there can be no genuine issue of material fact as to the amount of set-off owed by Bernhardt to CSM. Martin and CSM jointly responded to an interrogatory that the principal amount of the debt owed to Bernhardt is $145,157, notwithstanding any alleged set-offs. Based on this response, the trial court correctly granted summary judgment to Bernhardt in the amount of $145,157 on its claim.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MAY 27, 1994 —
RECONSIDERATION DENIED JUNE 8, 1994.

*Kitchens, Kelley & Gaynes, Mark A. Kelley*, for appellants.
*Stokes, Lazarus & Carmichael, Richard J. Joseph*, for appellee.