**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A2187. STALLINGS et al. v. SYNOVUS BANK.

RAY, Judge.

In this case, Ronald and Elizabeth Stallings appeal from the trial court's grant of summary judgment in favor of Synovus Bank on its suit to recover on a note, contending that the trial court erred when it ruled on the motion without allowing them thirty days to respond. The Stallings also contend that the trial court erred in awarding default interest to Synovus. For the reasons that follow, we reverse the grant of summary judgment and remand the case with direction.

1. In their first enumeration of error, the Stallings contend that the trial court erred in ruling on Synovus' motion for summary judgment without giving them thirty days to respond to the motion. We agree.

The record demonstrates that the trial court's order was entered on the twenty-eighth day following the filing of Synovus' motion. "OCGA § 9-11-56 (c) . . . mandates that any party have thirty days to respond to a motion for summary judgment." *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319, 321 (2) (309 SE2d 147) (1983). "The purpose of the so-called 30-day notice is to inform timely the opposing party as to the material relied upon by the movant so that the opposing party might have sufficient opportunity to prepare his response." (Citation and punctuation omitted.) *Segrest v. Intown True Value Hardware, Inc.*, 190 Ga. App. 588, 589 (2) (379 SE2d 615) (1989).

The record reflects that the Stallings did not respond to Synovus' motion for summary judgment prior to the trial court's order granting the motion. Thus, the Stallings were not heard on Synovus' motion prior to the time that the trial court issued its order before the 30-day waiting period had expired. As this order was entered prematurely and without the Stallings' consent or waiver, it constituted error. Id. at 589-590 (2).

Furthermore, the Stallings, both proceeding pro se, filed an initial answer and counterclaim in response to Synovus' complaint. The counterclaim, when construed liberally under OCGA § 9-11-8 (c), asserts various defenses to Synovus' claims.

2

Based on the record before us, however, we are unable to determine whether those defenses are wholly meritless or frivolous. Although Synovus contended in its motion for summary judgment that the Stallings had failed to adequately respond to discovery requests, Synovus did not file a motion to compel discovery, and the Stallings did not have a full opportunity to respond to this allegation.[1] As the Stallings may have some evidence to support their defenses, the trial court erred in ruling on Synovus' motion for summary judgment prior to the expiration of the statutory response period.[2]

Accordingly, we must reverse the trial court's order, and we remand the case to the trial court for further proceedings on the motion not inconsistent with this opinion. In so doing, we direct the trial court to enter an order specifying a date by which the Stallings must file their response to the motion for summary judgment.

---

[1] We note that Synovus also alleged in its motion for summary judgment that the Stallings' answer was insufficient. However, the avenues of relief from an insufficient answer include a motion to strike, a motion to dismiss, or a motion for judgment on the pleadings. See OCGA § 9-11-12 (b) (6), (c), (f). Had any such motions been filed, the Stallings would have been entitled to a full opportunity to respond. See *M & M Mobile Homes of Ga., Inc. v. Haralson*, 233 Ga. App. 749, 750 (1) (505 SE2d 249) (1998).

[2] In so holding, we emphasize that we are not intimating any opinion regarding the merits of the motion.

2. Based on our holding in Division 1, we do not address the Stallings'
remaining enumeration of error.

*Judgment reversed, and case remanded with direction. Barnes, P. J., and
Miller, J., concur.*

4