**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 16, 2024**

# In the Court of Appeals of Georgia

A24A1102. McCAULEY v. POWELL et al.

HODGES, Judge.

Michelle McCauley appeals from a grant of summary judgment in a case involving defamation and civil RICO claims she filed against Pamela Powell and Jawanna Edwards, who are former employees of McCauley's company, Burger Docs Atlanta, and Adian Miller, who was Powell's attorney in a separate federal lawsuit against Burger Docs. On appeal, McCauley contends that the trial court erred in granting summary judgment without first deciding her motion to compel discovery responses; in wrongly viewing the facts in the light most favorable to Powell, Edwards, and Miller (collectively, "the Appellees"); and in prematurely granting summary

judgment on her civil RICO claim. For the reasons that follow, we affirm in part, vacate in part, and remand the case with direction.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" OCGA § 9-11-56 (c). "We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." (Citation and punctuation omitted). *Brown v. Sapp*, 351 Ga. App. 352 (829 SE2d 169) (2019).

So viewed, the record shows that Powell sued Burger Docs, which is not a party to the instant appeal, in the Northern District of Georgia, claiming that she had been fired in retaliation for reporting sexual harassment involving two other Burger Docs employees. See generally *Powell v. Burger Docs Atlanta, Inc.*, Case No. 1:19-cv-03808 (N.D. Ga.) (the "Federal Lawsuit"). McCauley was not a party to the Federal Lawsuit but was involved in her capacity as president and shareholder of Burger Docs. As part of the Federal Lawsuit, Powell obtained a sworn declaration from Edwards which was publicly filed but later sealed.

After the declaration was filed, McCauley sued the Appellees in the Superior Court of DeKalb County, claiming defamation and contending that the declaration "falsely accused [her] of lewd conduct, sexual assault, and the unsolicited transmission of sexually explicit photographs via text message to an employee of Burger Docs" and also falsely accused her "of using racist language and engaging in racist behavior towards employees of Burger Docs . . . in connection with her ownership and operation of her business[.]" The Appellees filed a motion for summary judgment on the defamation claim, arguing that the declaration was not subject to a libel claim because the affirmative defense of absolute privilege under OCGA § 51-5-8[1] applied. McCauley countered that the allegations in Edwards' declaration were neither pertinent nor material to the Federal Lawsuit — and therefore could not be protected from a libel claim — because the Federal Lawsuit, unlike the declaration, did not involve any claim by Powell for racial or sexual

---

[1] OCGA § 51-5-8 provides: "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous."

harassment or discrimination perpetrated by McCauley. The trial court held a hearing but did not immediately issue an order.

McCauley then amended her complaint to add a claim for civil racketeering. The Appellees filed a second motion for summary judgment addressing the new claim. Just 16 days after that filing and without holding another hearing, the trial court granted summary judgment on both the defamation and civil racketeering claims in Appellees' favor.

The order found, inter alia, that Edwards' declaration was protected from libel claims by the privilege afforded to certain filings in legal proceedings through OCGA § 51-5-8, and that the civil racketeering claim failed because of various failures of proof regarding the required predicate acts and injury, as well as McCauley's lack of standing. McCauley filed the instant appeal.

1. We turn first to McCauley's argument that the trial court erred in prematurely granting summary judgment to the Appellees on her civil racketeering claim. Finding error, we agree.

Uniform Superior Court Rule 6.2 provides: "Unless otherwise ordered by the judge or as provided by law, each party opposing a motion shall serve and file a

4

response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion."

The record shows that McCauley first filed a single-count complaint asserting defamation in 2021. The Appellees filed a joint motion to dismiss or, alternatively, for summary judgment. The trial court held a hearing on that motion in October 2022, but issued no decision as the case was stayed by Powell's petition for bankruptcy, which was later lifted.

About 10 months later, McCauley amended her complaint to add a civil racketeering claim. On September 18, 2023, the Appellees filed a second motion to dismiss or, alternatively, for summary judgment and requested oral argument under USCR 6.3 on their second motion. The trial court notified the parties that the case was being placed on the October 30, 2023 civil jury trial calendar, then clarified that the notice was for trial but that "[a]ny new or outstanding motions may be handled at that time."

But 16 days after the second motion was filed, without holding oral argument, prior to the date set for trial and outstanding motions, and before McCauley had responded, the trial court on October 4, 2023 granted summary judgment to the

Appellees' on both McCauley's previously argued defamation claim and her new civil racketeering claim.[2] The Appellees concede that the grant of summary judgment on McCauley's civil racketeering claim was premature.

> The record demonstrates that the trial court's order was entered on the [16th] day following the filing of [Appellees'] motion. OCGA § 9–11–56 (c) mandates that any party have thirty days to respond to a motion for summary judgment. The purpose of the so-called 30–day notice is to inform timely the opposing party as to the material relied upon by the movant so that the opposing party might have sufficient opportunity to prepare his response. The record reflects that [McCauley] did not respond to [the Appellees'] motion for summary judgment [on the civil racketeering claim] prior to the trial court's order granting the motion. Thus, [McCauley was] not heard on [the Appellees'] motion prior to the time that the trial court issued its order before the 30-day waiting period had expired. As this order was entered prematurely and without [McCauley's] consent or waiver, it constituted error.

---

[2] McCauley's counsel contacted the judge's staff, asking whether the dispositive summary judgment order had been issued in error because it was premature and also because the trial court had designated it a "miscellaneous" order related to the filing of documents under seal; counsel apparently received no response, leading to this appeal.

(Citations and punctuation omitted.) *Stallings v. Synovus Bank*, 326 Ga. App. 572, 572-573 (1) (757 SE2d 187) (2014) (reversing grant of summary judgment rendered 28 days after filing of motion); accord *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319, 320-321 (2) (309 SE2d 147) (1983); see also *Mancuso v. GMAC Mtg.*, 305 Ga. App. 842, 842-843 (700 SE2d 874) (2010) (finding, where defendant moved to dismiss or, in the alternative, for summary judgment, and where matters outside the pleadings were considered, the trial court erred in failing to give the nonmovant 30 days to respond).

USCR 6. 3 provides that oral argument on a summary judgment motion "shall be permitted" when a party properly requests it in accordance with our rules. Our case law holds that under this rule,

> whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request and it shall be held. Where one party files such a request, the opposing party is permitted to rely on the fact that a hearing will be held without having to file a duplicate request.

(Citations and punctuation omitted.) *Holladay v. Cumming Family Medicine*, 348 Ga. App. 354, 355 (823 SE2d 45) (2019) (finding that a trial court's failure to hold oral argument is reversible and cannot be considered harmless error). McCauley had a

right to 30 days in which to file her response, see *Stallings*, 326 Ga. App. at 572-573 (1); she had a right to 30 days' notice of the trial court's election to view the motion as one for summary judgment, *Mancuso*, 305 Ga. App. at 842-843; and she also had a right to rely upon the Appellees' request for a hearing on the second summary judgment motion and was harmed by the shortened timeline and lack of a hearing. See *Holladay*, 348 Ga. App. at 355. Accordingly, we vacate that portion of the trial court's order granting summary judgment to the Appellees on McCauley's civil racketeering claim,[3] and remand the case for proceedings consistent with this opinion.

2. Turning to the defamation claim, McCauley contends that the trial court erred in granting summary judgment because the Appellees failed to show that Edwards' declaration contained statements material and pertinent to the Federal Lawsuit that would entitle them to the affirmative defense of absolute privilege against McCauley's defamation claim. We disagree and affirm.

The trial court's order found, inter alia, that Edwards' declaration was absolutely privileged under OCGA § 51-5-8, which provides:

---

[3] We express no opinion on the underlying merits of that claim.

> All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, *which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous.*

(Emphasis supplied.)

McCauley argues, inter alia, that Edwards' statements in the declaration are neither material nor pertinent to the Federal Lawsuit because the amended complaint in that suit did not assert race-based claims (although it did involve the allegation that Powell was terminated because she reported sexual harassment involving other employees); that McCauley was not a party to the Federal Lawsuit (which was filed against McCauley's company); and that Edwards did not attach alleged messages and photographs that could have supported the allegations of sexual harassment in her declaration. McCauley also argues that there is evidence that Edwards' declaration was made in bad faith, and that Miller, as Powell's attorney, failed to verify Edwards' statements in the declaration. The Appellees counter that the matters in Edwards' declaration go directly to McCauley's credibility as a witness in the Federal Lawsuit. McCauley points us to no case law whatsoever regarding how courts assess pertinence

9

and materiality in this context. Georgia courts, however, have thoroughly addressed this issue.

As an initial matter, the privilege afforded by OCGA § 51-5-8, when it applies, is absolute. *Renton v. Watson*, 319 Ga. App. 896, 900 (2) (739 SE2d 19) (2013).[4]

> Strict legal materiality or relevancy is not required to confer the privilege; and in determining what is relevant or pertinent the courts are liberal, resolving all doubt in favor of relevancy or pertinency. The privilege exists although the publication is with reference to, or concerning, a mere stranger not a party to the suit, provided the publication was relevant or material to the proceeding.

(Citations and punctuation omitted.) *Veazy v. Blair*, 86 Ga. App. 721, 725 (2) (72 SE2d 481) (1952). As outlined in *Veazy*, the fact that McCauley was not a party to the Federal Lawsuit does not automatically obviate the declaration's pertinence and materiality.

Here, the trial court correctly determined that the statements in the declaration were pertinent and material because they were relevant to McCauley's credibility as a witness. See *Conley v. Key*, 98 Ga. 115, 117-118 (25 SE 914) (1895) (finding that an

---

[4] McCauley's arguments regarding OCGA § 51-5-9 are inapplicable, as that statute relates to conditional privilege. *O'Neal v. Home Town Bank of Villa Rica*, 237 Ga. App. 325, 333 (8) (514 SE2d 669) (1999).

affidavit rendered for the purpose of impeachment was privileged); *Renton*, 319 Ga. App. at 901 (2) ("a proffer of a witness's proposed testimony made to the trial court is absolutely privileged, if the testimony itself would be relevant to the proceedings"); see generally *West Marietta Hardware v. Chandler*, 227 Ga. App. 436, 439-440 (2) (c) (489 SE2d 584) (1997) ("Generally, a party may show anything which in the slightest degree affects the credit of an opposing witness. A witness may be impeached on a collateral issue which is indirectly material to the issue in the case.") (citation and punctuation omitted). McCauley's contentions that Edwards' declaration was made in bad faith are unavailing. "[O]ur precedent demonstrates that OCGA § 51-5-8 affords statements falling within its parameters an absolute rather than a conditional privilege, and a defamatory statement afforded an absolute privilege is not actionable, regardless of the falsity of the statements or the speaker's malicious intent." (Citation and punctuation omitted.) *Renton*, 319 Ga. App. at 901 (2), n. 2; see also *Garner v. Roberts*, 238 Ga. App. 738, 740 (2) (520 SE2d 255) (1999) ("This privilege rests on public policy, which allows all suitors (however bold and wicked, however virtuous and timid,) to secure access to the tribunals of justice with whatever complaint they choose to present. The privilege is absolute, entirely freeing the party from any

liability to the person injured by the words or the publication.") (citation and punctuation omitted). Edwards' declaration, filed in Powell's federal litigation, was pertinent and material under our law.

McCauley also averred that Miller, in her role as Powell's attorney, failed to vet Edwards' declaration for truthfulness. Our Supreme Court has determined, however, that "[i]f a witness who makes an affidavit which is pertinent and legal is excused upon the ground of privilege, certainly the attorney who presents [the affidavit] for the consideration of the court cannot be held to have abused [her] privilege." *Conley*, 98 Ga. at 118. We find no error.

3. McCauley argues that the trial court erred in granting summary judgment on the defamation claim because it did so without first ruling on her motion to compel the Appellees to respond more fully to her discovery requests. We find no error.

In discovery, McCauley asked the Appellees to describe with specificity the pertinence and materiality of various identified paragraphs of the declaration.[5] The Appellees objected, citing, inter alia, privileged attorney-client communications, work

---

[5] The declaration itself, which was sealed in the Federal Lawsuit, does not appear to be in the appellate record. However, the appellate record contains parts of Edwards' sealed deposition on similar topics, which post-dates her declaration.

product, and trial preparation materials. McCauley moved to compel, contending that the information she sought related to whether the allegations in Edwards' declaration were material and pertinent to the Federal Lawsuit, which would be necessary to support Appellees' affirmative defense of privilege under OCGA § 51-5-8. She filed her motion to compel in June 2022. The hearing on the motion for summary judgment was held in October 2022.

It is true that "the grant of summary judgment while a motion to compel discovery is pending is generally not condoned[.]" (Citation and punctuation omitted.) *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga.App. 481, 484 (4) (445 SE2d 297) (1994). However,

> [t]he record before us does not indicate that the appellant moved to continue the hearing on the motion for summary judgment pending a ruling on [her] motion to compel or that [she] otherwise objected to the court's failure to rule on the motion to compel prior to ruling on the motion for summary judgment. Consequently, appellant has waived the right to assert the court's failure to rule on the motion to compel as error on appeal.

(Citations and punctuation omitted.) *Rush v. Food Giant*, 183 Ga. App. 388, 392-393 (2) (358 SE2d 919) (1987); accord *Ware v. Fidelity Acceptance Corp*, 225 Ga. App. 41,

42 (1) (482 SE2d 536) (1997) (finding that counsel's duty is to obtain a ruling on motions and the failure to do so ordinarily results in waiver); see also *915 Indian Trail v. State Bank & Trust Co.*, 328 Ga. App. 524, 533 (3) (759 SE2d 654) (2014) (physical precedent only) (finding no error where trial court ruled on summary judgment without first ruling on motion to compel, because "when a party is faced with a motion for summary judgment and the unavailability of evidence to rebut such motion, a party must seek relief under OCGA § 9–11–56 (f)[,]" which provides for a continuance where the affidavit of a party opposing a motion indicates the unavailability of facts essential to justify his opposition) (citation and punctuation omitted).

Further, were we to decide that the issue was not waived, the motion to compel and brief in support seek unspecified information related to Appellees' "affirmative defense of pertinence and materiality[,]" and information about Appellees' "investigation (if any) of the truthfulness of the allegations of the [d]eclaration" and any desire to "vent private malice[.]" As outlined in Division 2, a witness's credibility is pertinent and material under OCGA § 51-5-8, see *Conley*, 98 Ga. at 118, and issues of truthfulness and malice are not considered in the context of the absolute privilege

afforded by OCGA § 51-5-8. See *Renton*, 319 Ga. App. at 901 (2), n. 2. "[W]here, as here, the disallowed discovery would add nothing of substance to the party's claim, reversal is not required." (Citation and punctuation omitted.) *Charles S. Martin Distrib. Co.*, 213 Ga. App. at 484 (4). The trial court did not abuse its discretion in deciding the motion for summary judgment without first ruling on the motion to compel. *915 Indian Trail*, 328 Ga. App. at 535 (3).

In sum, we affirm the trial court's grant of summary judgment on McCauley's claim of defamation, but vacate the grant of summary judgment on McCauley's claim of civil racketeering and remand the case to the trial court for proceedings consistent with this opinion.[6]

*Judgment affirmed in part, vacated in part, and case remanded with direction. Doyle, P. J., and Watkins, J., concur.*

---

[6] Because of our determinations, we need not address McCauley's remaining RICO arguments.